## JOHN H. CLELAND

### *v.*

## SAMUEL R. PORTER.

ELECTION — *closing polls before time does not of itself render votes cast invalid.* If an election has been in other respects fairly and properly conducted, the votes cast will not be rejected simply because the judges closed the polls an hour before the time prescribed by law, when it does not appear that any voter offered to vote after the polls were closed and before the lawful time for closing them, or was prevented from voting by reason thereof.

WRIT OF ERROR to the County Court of Rock Island county; the Hon. SAMUEL S. GUYER, Judge, presiding.

Mr. WILLIAM H. GEST, and Messrs. CONNELLY & MCNEAL, for the plaintiff in error.

Mr. CHARLES M. OSBORN, and Messrs. KENWORTHY & BEARDSLEY, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

At the general election held on the fourth day of November, 1873, the defendant in error was declared elected to the office of treasurer of Rock Island county.

The plaintiff in error, who was the opposing candidate for the office, on the third day of December, 1873, filed a petition in the county court of Rock Island county to contest the election.

It is averred in the petition that no votes were cast in the

county for any person for the office of treasurer except petitioner and the defendant in error; that in the entire county the defendant in error received fifteen hundred and ninety-two votes, and that the petitioner received fifteen hundred and seventy-nine votes, making a majority of thirteen votes in favor of defendant in error.

That in Buffe Prairie township there were registered and entitled to vote two hundred and fifty persons; that the entire vote cast in that township was only one hundred and thirteen, seventy-nine of which were for defendant in error, and thirty-four for petitioner; that the judges of election in that township did neglect and fail to continue open the polls until seven o'clock in the afternoon of the day on which the election was held, but did knowingly and willfully close the same before the hour of six o'clock in the afternoon, and, for the purpose of giving their illegal proceedings the semblance of regularity, did knowingly and willfully run forward the hands of the clock used to indicate the time of closing the polls.

On account of this irregularity of the judges, the petitioner asks that the entire vote of the township may be rejected and not counted.

To this petition a general demurrer was filed, which the court sustained, and it was dismissed.

The petitioner brings the record here, and assigns as error the decision of the court in sustaining the demurrer and dismissing the petition.

Section forty-eight, Revised Laws of 1874, page 458, which was in force at the time the election was held, declares the polls shall be opened at the hour of eight o'clock in the morning, and continued open until seven o'clock in the afternoon of the same day, at which time the polls shall be closed.

Section eighty-six of the same act declares if any judge of any election shall willfully neglect to perform any of the duties required of him by the act, he shall, on conviction thereof, be fined in a sum not exceeding $1,000, or imprisoned in the county jail one year, or both, at the discretion of the court.

It was clearly the duty of the judges of election to keep the polls open until seven o'clock on the day the election was held, and the legislature, by the act cited *supra*, has imposed a severe penalty upon the judges of the election for a willful disregard of duty.

But the question presented by this record is, what effect shall a duty imposed upon the officers, disregarded, have upon the result of the election, when it does not appear that a single legal voter was deprived of the elective franchise?

The substance of the complaint made by the petitioner is this, that the law required the judges of election to keep open the polls until seven o'clock, and they closed at six o'clock.

It is nowhere alleged that a single voter appeared at the polls, after adjournment, for the purpose of voting, or that any voter was deprived of the right to vote for the reason the polls were closed one hour earlier than required by law.

No fraud is shown on the part of the officers in conducting the election. There seems to have been a fair expression of the will of the voters of the township at the polls; it is not pretended that the defendant in error, or any candidate for any office, had any knowledge of the act of the judges, or were in any manner connected therewith or advised the closing of the polls at an earlier hour than the law required.

Under these circumstances we are not prepared to hold that the voters of the township who appeared and cast their votes shall be disfranchised by a rejection of the entire poll; in the absence of fraud, and where it does not appear that a single voter was deprived of the right of suffrage, we think justice requires that those who honestly expressed their will at the ballot-box should be protected, and if the officers of the election have violated the law, let the penalty attached be imposed upon them. This view seems to be just, and it is in harmony with the former decisions of this court when similar questions have arisen. In *Piatt* v. *The People*, 29 Ill. 54, this court held: " The rules prescribed by the law for conducting an election

are chiefly to afford an opportunity for the free and fair exercise of the elective franchise, to prevent illegal votes, and to ascertain, with certainty, the result. Such rules are directory, merely, not jurisdictional or imperative. If an irregularity, of which complaint is made, is shown to have deprived no legal voter of his right, or admitted a disqualified person to vote, if it casts no uncertainty on the result, and has not been occasioned by the agency of a party seeking to derive a benefit from it, it may well be overlooked in a case of this kind, when the only question is, which vote was the greatest ? "

A question, not unlike the one involved in this case, arose in case of *The People ex rel. Welland Scott* v. *The Board of Supervisors of Du Page County*, 65 Ill. 360. The question there was, whether the entire poll of one township should be rejected because the judges of election closed the polls for one hour at noon, when it did not appear that there had been any fraud, or that any voter had been prevented from voting. On the authority of *Piatt* v. *The People, supra*, it was held that the circuit court erred in rejecting the entire poll.

In that case the question was, whether the entire vote of the township should be rejected, for the reason alone that the polls were, in violation of the statute, closed for one hour in the middle of the day ; here, the question is, shall the entire vote of a township be disregarded, for the reason alone that the judges of election closed the polls one hour, from six o'clock until seven ; there can be no difference in principle between the questions involved in the two cases. Had this petition contained an averment that voters appeared at the polls for the purpose of voting after the polls were closed and before seven o'clock, and were deprived of the right, that would have presented a question not raised by this record, and upon which we decline to express an opinion.

The averments in the petition being insufficient, the demurrer was properly sustained. The judgment of the court below will be affirmed.

*Judgment affirmed.*