HORACE SOPER, Contestant, *vs.* COUNTY OF SIBLEY.

June 8, 1891.

Election—Validity—Failure to Post List of Electors.—The failure to post a list of the electors 10 days prior to the election is not sufficient ground for rejecting the votes of the precinct; following former decisions.

Same—Refusal to Allow Presence of Elector as Challenger.—Neither is the refusal of the judges to allow an elector to be present in the room as a challenger of voters, in the absence of evidence that any injustice resulted.

Same—Keeping Polls Open after Hour for Closing.—Nor is the fact that the polls were kept open after the hour for closing, in the absence of any evidence that any votes were cast after that hour.

Same—Notice of Contest held too Indefinite.—A notice that an election will be contested, on the ground that "a large number of legal voters desired and attempted to cast their votes, but, with the knowledge, consent, and connivance of the judges of election, were, by violence and threats, prevented from so doing," is too general and indefinite, as a specification of a ground of contest.

**Same—Insufficient Specifications—Dismissal.**—It is not error to dismiss the proceedings on the ground of the insufficiency of the specifications of points upon which an election will be contested, at least in the absence of any offer, or application for leave, to amend the specifications.

An election was held in the county of Sibley, on September 27, 1890, upon the question of removing the county-seat from the borough of Henderson to the village of Gaylord. The result as declared by the county board was that 1,528 votes were cast for removal and 1,532 against it. On October 29th, a notice of contest was served, and the cause came on to be heard in the district court for the same county, before *Baxter*, J., (acting for the judge of the 8th district,) and on motion of the county board a dismissal was ordered for failure of the notice to state grounds or facts sufficient to sustain a contest. From this order the contestant appealed.

*Albert E. Clarke* and *W. F. Booth*, for appellant.

*W. H. Leeman*, for respondent.

MITCHELL, J. Taking as true all that is alleged in the notice of contest, it would not change the result of the election, unless the whole vote of the town of Arlington is thrown out as illegal. Hence the only question that need be considered is the sufficiency of the specifications of the points of contest relating to the illegality of the vote of that town.

The first point specified is that no lists of the electors of the town were posted 10 days prior to the election, as provided by Laws 1887, c. 4, § 6. Assuming that this provision of the general election law is applicable to county-seat elections held under Laws 1889, c. 174, still the omission to comply with it would not of itself be a ground for rejecting the vote of the town. *Taylor* v. *Taylor*, 10 Minn. 81, (107;) *Edson* v. *Child*, 18 Minn. 43, (64.)

The next specification in the notice of contest is with reference to the alleged refusal of the judges of election to allow some legal voter, favorable to the change of county-seat, to be present in the room when the election was held, to act as challenger of voters. This, we suppose, has reference to the provisions of Laws 1887, c. 4, § 12. This specification is wholly insufficient. It is not stated that any legal voter ever was selected as challenger. But, even if suf-

ficient in this respect, it is not alleged that any fraud was practised or injustice resulted on account of not having a challenger present in the room, and the entire vote of the township will not be disfranchised on account of an omission or disregard of some requirement of the law by the judges, which it is not claimed changed the result of the election.

The specification that the ballot-box was kept by the judges where it could not be seen by the voters, and so that they could not see what the judges did with the ballots, is wholly immaterial. There is no law requiring that during the casting of ballots the box shall be kept where it can be seen by voters. The law does provide that the canvass of the votes shall be public, and it is not alleged that this was not done. Neither is there any allegation that the ballots cast were not deposited in the box.

The next specification is "that at said election a large number of legal voters of said town desired and attempted to cast votes in favor of changing said county-seat to said Gaylord, but with the knowledge, consent, and connivance of the said judges of election they were, by violence and threats, prevented from casting their votes." This is altogether too general, uncertain, and indefinite.

The last specification is that "the polls were kept open more than one hour after the hour appointed for closing." It is not alleged that any votes were cast after that hour. Under such a state of facts, certainly the mere fact that the polls were not formally closed at the appointed hour would be no ground for rejecting the vote of the town.

It is urged that, if the specifications were objectionable as being too indefinite and uncertain, this was no ground for dismissing the proceeding, but that they should have been required to be made more definite and specific. Had the contestant offered to make his specifications more specific, or had he applied for leave to do so, and the court had refused to allow it, and summarily dismissed the whole proceeding, there might have been some merit in this point. But the contestant made no such offer, and applied for no such leave.

Order affirmed.