## The People, ex rel. Adam Theis, Appellee, v. Fred Michaels et al., Appellants.

### Gen. No. 5406.

1. ELECTIONS—*what does not justify refusal of officers to perform ministerial duties.* Officers who have called and held an election may not refuse to perform their ministerial duties leading to the declaration of the result because of any irregularities which may have intervened, either as the result of their own errors or otherwise.

2. ELECTIONS—*what does not vitiate result.* Irregularities in conducting an election and counting the votes, not proceeding from any wrongful intent and which deprive no legal voter of his vote and do not change the result, will not vitiate the election.

3. ELECTIONS—*effect of failure to keep polls open during legal hours.* *Held*, that a failure to keep polls open during the legal hours did not vitiate the result.

4. MANDAMUS—*what not misjoinder.* In *mandamus* to compel the declaration of the result of an election it is not a misjoinder to name as respondents officials willing and unwilling to act.

Mandamus. Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911. Opinion modified and rehearing denied April 21, 1911.

HUNTER & SCHNEIDER, for appellants.

EBEN B. GOWER and J. BERT. MILLER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Adam Theis filed in the Circuit Court of Kankakee county a petition for a *mandamus* against the judges and clerk of a school election held in township 30 North, range 14 east, on April 9, 1910, and against the trustees of schools of said township. One defendant was defaulted and the others filed separate demurrers, which were overruled, and said demurrants elected to stand by their demurrers and a peremptory *mandamus* was awarded. The respondents who demurred have appealed.

The petition shows that said township was and for many years had been a township for school purposes under the school law; that at said time Frank Tanner, Fred Michaels and George Keller were trustees of schools of said township, duly elected, qualified and acting; that Samuel Devere was and for many years had been the treasurer of said township; that said treasurer gave notice of an election for the election of one trustee in said township by posting notices which announced that an election to elect one school trustee for the full term would be held at the school house in District 122 in said township on April 9, 1910, and that the polls would open at 2 o'clock P. M. and close at 4 P. M. of said day; that pursuant to said notice, an election was held at the time and place designated, at which time and place Theis and Tanner were opposing candidates for the office of school trustees; and there were full averments that Theis had the qualifications which entitled him to hold the office if elected. The petition alleged that when the polls were open Keller and Michaels were present to act as judges; that Tanner refused to act as a judge of the election because he was a candidate to succeed himself; that

Keller suggested the selection of another judge to act in the place of Tanner, but Michaels and the clerk of the election, Devere, determined that it was unnecessary and the election proceeded with Keller and Michaels as judges and with Devere as clerk; that Theis and Tanner each received thirty-six votes; that Theis requested the judges to cast lots as provided by statute and determine the election; that Keller was willing to do so but Michaels refused, and the judges adjourned to the next Monday, April 11, to obtain legal advice, and afterwards Keller requested Michaels to meet with him and cast the lots and Michaels refused to do so; and that said judges of election have failed and refused to cast lots between Theis and Tanner; that Theis had a lawful right to have it determined by said judges of election by lot on the day of election whether he was entitled to the office of school trustee, and, if successful, to have a return of the result of the election made to the board of trustees of said township and to have said board canvass said return, and that this was not done. The petition further alleged that for more than thirty years the election of trustees in said township had been held each year in said school house in said district 122; that it had been the custom in said township for many years to hold the election for school trustees from 2 o'clock P. M. to 4 o'clock P. M. and for the town treasurer to post the notices; and that Tanner was present at that election and participated therein, as also did Theis. The prayer of the petition was that Michaels and Keller, the judges, forthwith adopt some method for drawing lots to determine whether Theis or Tanner should hold the office of school trustee of said township for the period of three years next ensuing, and, after that was done, commanding Michaels and Keller as judges and Devere as clerk of said election to return the ballots and poll books with a certificate of the result of the election to the township treasurer, and commanding Michaels, Keller and Tanner, trustees of

schools of said township, to then meet and canvass said returns, and to file the proper certificate with the county superintendent of schools. The judgment ordered Michaels and Keller, as judges of said election, to forthwith cast said lot, and adjudged that said judges and the clerk ought to return the ballots and poll books and certificate showing the result of the election to the township treasurer, and that thereupon Michaels, Keller and Tanner, trustees of schools of said township, ought to meet and canvass said returns and make out and file with the county superintendent of schools a proper certificate. Appellants contend that the election was void because not called for the proper hours, and because three judges did not participate therein; and that the judges and clerk of the election and the trustees of schools cannot be joined as defendants, but that (in effect) there should have been three successive suits in *mandamus;* first, one against the judges to compel them to cast the lot; then, if the judges and clerk did not make the proper returns, another *mandamus* to compel them to make such returns; and then another against the school trustees, if they failed to canvass the vote and make the proper certificate.

We are of opinion that officers who have called and held an election may not refuse to perform their ministerial duties leading to a declaration of the result because of any irregularities which may have intervened, either as the result of their own errors or otherwise. 26 Cyc. 275. It is the settled law of this state that irregularities in conducting an election and counting the votes, not proceeding from any wrongful intent and which deprive no legal voter of his vote and do not change the result, will not vitiate the election. Behrensmeyer v. Kreitz, 135 Ill. 591; Ackerman v. Haenck, 147 Ill. 514; Rexroth v. Schein, 206 Ill. 80, 98. Section 26 of the present school law enacts that the time and manner of opening and closing the election shall be the same as prescribed by the general election

laws defining the manner of electing magistrates and constables. The Australian ballot law does not apply to school elections, unless they are held at the same time as the election of township officers. People v. Brown, 189 Ill. 619. Section 48 of the general election law provides that the polls shall be opened at 8 o'clock A. M. and continue open till 7 o'clock P. M. but that if the judges do not attend at the hour of 8 o'clock A. M. the polls at 2 o'clock P. M. In Cleland v. Porter, 74 closing the same shall have arrived. Section 13 of Article 3 of the School Law, permits (if so specified in the notice) that the election may be opened at any hour between 8 o'clock A. M. and one o'clock P. M. and may be closed at four o'clock P. M. We are not required to decide which act is applicable but hold it was legal to open the polls at 2 o'clock P. M. In Clelland v. Porter, 74 Ill. 76, relying on other cases there cited, it was held that the closing of the polls more than an hour before the time fixed by law when they should be closed did not authorize the rejection of the vote, where it did not appear that any voter offered to vote after the polls were closed and before the lawful time for closing them, or was prevented from voting by reason thereof. A similar principle was applied in People v. Brown, *supra*. We are of opinion that petitioner was not required to allege that no person appeared and offered to vote after the polls were closed and before the time fixed by law for closing the same, but that that was a matter to be set up in defense, if indeed these election officers could set up their own irregularity as an excuse for failing to complete the performance of their duties pertaining to the election.

Section 27 of the present school law requires the trustees to act as judges of the election, and provides that if any of them fail to attend, the qualified voters present shall fill the vacancy; and these officers were mistaken in holding that it was not necessary to fill the vacancy. But the two did act and did hold the election, and the voters ought not to be deprived of having the

ERRATUM (App. 160.)

LINE 9, PAGE 428, SHOULD READ:

"the polls may be opened at any hour before the time for"

result declared because the judges present made a mistake. Moreover, the ninth paragraph of section one of the act concerning the construction of statutes makes the following provision: ''Words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or persons.'' *Mandamus* is a proper remedy to compel the proper officer to cast lots in the case of a tie. People v. Crabb, 156 Ill. 155.