

# THE ATTORNEY GENERAL
## OF TEXAS

**Grover Sellers**

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable R. R. Donaghey
District Attorney
Wilbarger County
Vernon, Texas

Opinion No. O-6033
Re: Under the provisions of Art.2956,
R.C.S. 1925, is the county clerk
or the city secretary the proper
person to do, and before whom
should be done, the things enumera-
ted in said article in municipal
elections? And other questions.

Dear Sir:

This will acknowledge receipt of your letter,
dated May 18th, submitting the following questions:

"1. In municipal elections, is the county
clerk or the city secretary the proper person to do,
and before whom should be done, the things enumerated
in Article 2956?

"2. Is an application in _writing_ made by a
person who expects to be absent from the county on
the day of election, or an application in writing
signed by a person authorized to make application
for one under physical disability, a prerequisite
to the issuance of a ballot to such election and the
casting of a legal ballot vote by such elector?

"3. Does the failure of the elector to
make any affidavit whatever, or his failure to make
an affidavit substantially in the form set out in
subdivision 3 of Article 2956, invalidate the vote
of such elector?

"4. May a person physically unable to ap-
ply at the clerk's office cast an absentee ballot
except by mail as outlined in subdivision 4?

"5. Does the failure of the official to
comply with subdivision 8 of Article 2956, re-
quiring the keeping of a list of absentee voters

posted from day to day, invalidate such absentee votes?

"6. Does a general disregard of the provisions of Article 2956, upon the part of either the proper officials or the elector, or both, require the rejection of absentee votes made and counted in such disregard?"

Articles 2931 and 2997, Revised Civil Statutes, 1925, respectively, provide:

"All provisions of this title which prescribe qualifications for voting and which regulate the holding of elections shall apply to elections in cities and towns. In towns or cities incorporated under the general laws, the governing body may provide for city or town elections that there shall be one or more polling places; and, in such case, the certified list of poll taxpaying voters for all election precincts in which voters reside who are to vote at any such polling place shall be used therefor. In all cities and towns which the number of electors at the last municipal election does not exceed four hundred in number, but one election poll shall be opened at any municipal election; and all officers of such towns and cities to be elected shall be voted for at such poll." (Emphasis ours)

"The expense of all city elections shall be paid by the city in which same are held. In all elections in incorporated cities, towns and villages, the mayor, the city clerk, or the governing body shall do and perform each act in other elections required to be done and performed respectively by the county judge, the county clerk, or the commissioners' court." (Emphasis ours)

We therefore believe the absentee voting statute, Article 2956, Vernon's Annotated Civil Statutes, is applicable to a city operating under a home rule charter, the charter providing that the general law shall be applicable to all municipal elections.

The general election law provides that voting shall be by ballot in person in the regular polling places in the election districts. The absentee voters provisions provide a way for voting by mail in cases in which the voters are absent from the polls or are physically unable to go to the

polls in person. The lawmaking power, being fully cognizant of the possibilities of frauds, illegal voting, and dishonesty in elections, prescribed many safeguards in the absentee voting law to prevent such abuses. While the purpose of the statute is to extend the privilege of voting, its provisions clearly indicate an intention not to let down the bars necessary for honest elections. Absentee voting is an exception to the general rule and is in the nature of a special right or privilege which enables the absentee voter to exercise his right to vote in a manner not enjoyed by voters generally. It is purely optional with the absentee voter whether he shall exercise the rights and privileges conferred upon him. The voter wishing to cast an absentee vote should comply with all the statutory demands and the power of the election officials is held within those lines. They cannot pass out absentee votes at the mere asking.

In Wood vs. State ex rel. Lee, 126 S.W. (2d) 4, 133 Tex. 110, 121 A.L.R. 931, reversing Civ.App., 120 S.W. (2d) 995, the Supreme Court said that in permitting absentee voting in city elections, the provisions of the general statutes relating to absentee voting should be followed as nearly as possible.

With this in mind we proceed to your first question.

Article 2997, supra, provides, in part, as follows:

". . . In all elections in incorporated cities, towns and villages, the mayor, the city clerk, or the governing body shall do and perform each act in other elections required to be done and performed respectively by the county judge, the county clerk, or the commissioners' court."

And subdivision 10 of Article 2956, supra, provides, in part, as follows:

"The county clerks, their deputies and officers acting under this Article shall be considered as judges or officers of election within the scope of Articles 215 and 231, inclusive, of the Penal Code of Texas, and all amendments thereto, and be punishable as in said Articles respectively, provided in the case of judges or officers of election. . . ." (Emphasis ours)

In view of the foregoing statutes and in answer to your first question, it is our opinion that the city clerk is

the proper person to perform the acts outlined in Article 2956, supra, in municipal elections.

However, we point out that in Hooker vs. Foster, (Civ.App.) 19 S.W. (2d) 911, the court said:

". . . . It seems to be well settled that, where the manner in which the votes cast at an election were returned to the proper custodian, thereof was irregular, but there was no showing of fraud, or that the returns were changed or tampered with, such votes should be counted; that if the will and desire of the voter can be ascertained from the ballot, and there is no law prohibiting the counting of such ballot, the ballot should be counted. . . . .

". . . .

"The only contention here made for the setting aside of the election is that the vote of Guy Foster was irregularly returned to the proper custodian thereof. There was neither pleading nor evidence tending to show fraud in the casting or counting of the vote, or that the returns of the election were tampered with, or in any manner tampered with. We think appellant has failed to show any reason for the reversal of the judgment; therefore the same is affirmed."

With regard to your second question, we feel it is controlled by our Opinion No. O-4700, dated July 11, 1942, the language of which we quote:

". . . . Subdivision 2 of the above statute provides that:

"'Such elector shall make application for an official ballot to the county clerk in writing signed by the elector, or by a witness at the direction of said elector in case of latter's inability to make such written application because of physical disability.'

"We think the intent of the Legislature is thus made plain - by the use of the words underscored by us it was the intent that the application must be in writing. This conclusion is strengthened by reference to the words of Subdivision 6 wherein it is provided that on the day

of the election, one of the judges of election, before depositing the ballot in the ballot box shall 'compare the signature upon the application with the signature upon the affidavit of the ballot envelope.' Further, said judge is authorized to cast such ballot if the election board 'finds the affidavits duly executed, that the signatures correspond,' etc.

"In this connection, we direct attention to the case of Sartwelle v. Dunn, (Tex.Civ.App., 1938) 120 S.W. (2d) 130. In that case it appeared that ballots were taken from the county clerk's office by a Notary and a candidate to the residences of certain electors without request from them. Each expressed a willingness to vote, however, and the ballots were then and there marked by the notary at their direction. The court said:

"'. . . We recognize the general rule that the will of the electors should be respected when expressed at the ballot, but we are of the opinion that an elector exercising the right of suffrage through the medium provided by the absentee voting statute should at least substantially comply with the requirements of such statute. To hold that ballots such as these were cast in substantial compliance with the statute would ignore the plain and express provisions thereof and open the avenues of fraud, deception and intimidation through absentee voting in the conduct of elections.

"'We are of the opinion that the trial court erred in refusing to sustain the challenge to these votes.

". . . .'"

And in Guice v. McGehee, 124 So. 643, 155 Miss. 858, suggestion of error overruled, the court said:

"Absent voters' ballots cast by electors without previously making application therefor, in accordance with (statute) were illegal, in view of (statute) relative to manager of election determining genuineness of ballot by comparing signatures."

This seems to be the general rule. See 121 A.L.R. 943; 29 C.J.S. 302.

Honorable R. R. Donaghey, page 6

It follows that we answer your second question in the affirmative.

Your third question is also answered in the affirmative.

There should be substantial compliance with applicable statutory regulations governing absentee voting. Wood v. State ex rel. Lee, supra; Clark vs. Stubbs (Civ.App.) 131 S.W.(2d) 663; Sartwelle v. Dunn (Civ.App.) 120 S.W. (2d) 130. Further cases cited, 29 C.J.S. 301.

Under a similar statute the Colorado Supreme Court in Bullington vs. Grabow, (1931) 88 Colo. 561, 298 P. 1059, said:

"Because the affidavit was not received, presumably it was not made, and, its execution by the voter being a mandatory condition precedent to the right to so vote, such failure vitiated the ballot, and the vote evidenced thereby should not have been counted. . . ."

We deem this to be the better view and weight of authority. (For other cases holding substantially the same, see 121 A.L.R. 943)

In our opinion, your fourth question is answered by Clark vs. Stubbs, supra, wherein the court said:

". . . The statute provides a mode by which a voter who is ill may vote absentee, and that is the exclusive method, except where he presents himself at the voting place prescribed."

In answer to your fifth question, we believe that "to disfranchise the voter because of the mistakes or omissions of election officers would be to put him entirely at the mercy of political manipulators. The performance by the election officers of the duties imposed upon them can be reasonably well secured by providing a penalty for failure so to do." See Davis vs. Walcott (Civ.App.) 96 S.W. (2d) 817.

In Soper vs. Sibley Co., 48 N.W. 1112, 46 Minn. 274, the court said that an elector will not be deprived of his vote because of the failure of the registrar to post a list of the electors.

We therefore answer your fifth question in the negative.

This absentee voting statute, Article 2956, supra,

was designed to extend the privilege of the ballot, but with certain conditions precedent to the exercise of that privilege. These conditions were designed as the means most likely to bring about the desired result and should be substantially complied with.

As a general disregard is not a substantial compliance, we are constrained to answer your sixth question in the affirmative.

Let it be understood that this opinion is not to be considered as passing upon any particular statement of facts, but only upon the abstract questions of law considered herein.

Trusting that this satisfactorily answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      Fred C. Chandler
            Assistant

By      Elton M. Hyder, Jr.

EMM:db:bt

APPROVED June 2, 1944

E. P. Blackburn
Acting Attorney General of Texas

APPROVED Opinion Committee
By BWB, Chairman