## UNITED STATES v. DICKINSON.
### No. 3308.

Circuit Court of Appeals, First Circuit.
Feb. 15, 1938.

[1] MOORMAN, Circuit Judge, took no part in the decision of this case, and this opinion was written after his death.

Ellis N. Slack, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and S. Dee Hanson, Sp. Assts. to the Atty. Gen., on the brief), for the United States.

Lawrence E. Green, of Boston, Mass. (Hale & Dorr, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a judgment of the District Court of Massachusetts in a suit to recover income taxes for the year 1929 claimed by the taxpayer to have been illegally assessed and collected by the Commissioner of Internal Revenue.

The government in its answer sets up the following in defense:

"4. The difference between the value on March 1, 1913, of Mrs. Dickinson's interest in the partnership and the value of the shares of stock received for it on October 1, 1917, was a taxable profit and income to Mrs. Dickinson in 1917, on the sale and transfer of her interest to the corporation.

"5. Mrs. Dickinson in her income return, did not report the transaction whereby she acquired in October, 1917, the shares in the corporation for her interest in the partnership, nor did she report any profit or loss on the transaction, nor did she refer to it in any way, or call it to the attention of the Commissioner of Internal Revenue.

"6. Mrs. Dickinson was under an obligation, and was required by the statutes, to report the profit on that transaction as income in her income tax return for 1917, and to pay a tax on that profit. The failure to report this income constituted in effect a statement that no such income was received. This obligation to report the profit and to pay the tax due on it was never fulfilled, and cannot now be enforced against Mrs. Dickinson or her representatives or successors, because of the bar of the statute of limitations, which bar has existed since the year 1923.

"7. The Commissioner of Internal Revenue relied upon the truth, accuracy and completeness of Mrs. Dickinson's return and statements, and because the said return and statements were not true, accurate and complete, he did not assess or receive the tax on the profit from that transaction, including the said three hundred fifty (350) shares, which would have been assessed and collected by him, if Mrs. Dickinson's return and statements had been true, accurate and complete. * * *

"10. Mrs. Dickinson, in equity and good conscience, was and would be estopped to deny the acts, representations and statements she made, and she was and would be estopped to profit by her failure to report and her denial of income on said transaction in 1917, and she was and would be estopped to deny that the value of her interest in the partnership on March 1, 1913, is the correct and proper basis to ascertain the gain or loss on the sale in 1929 of said shares of stock, which she gave to petitioner on June 1, 1923.

"11. The basis for gain or loss by petitioner on the sale in 1929 of these three hundred fifty (350) shares of stock is the same as it was or would be to Mrs. Dickinson, and petitioner is estopped to profit by Mrs. Dickinson's failure to report and her denial of income on said transaction in 1917, and petitioner is estopped to deny that the value of her interest in the partnership on March 1, 1913, is the correct and proper basis to ascertain the gain or loss on the sale in 1929 of said three hundred fifty (350) shares of stock which she gave to petitioner on June 1, 1923."

The case was tried below before a District Judge, a jury being waived.

The District Court found there was lacking certain facts necessary to constitute estoppel, and held that the cost basis of the shares received by the plaintiff on June 1, 1923, was their fair market value on October 1, 1917.

The facts as stipulated by the parties and as found by the District Court are as follows: Joseph Cushing was engaged for a long time prior to 1913 in the business of selling hay, feed, and grain at wholesale and retail in the commonwealth of Massachusetts and some of the adjoining states. After his death the business was conducted by his heirs as partners, one of whom, a daughter, Susan C. Dickinson, held a one-half interest; the other one-half being divided among the grandchildren of Joseph Cushing.

On October 1, 1917, the J. Cushing Company was incorporated under the laws of Massachusetts with $600,000 of capital stock represented by 6,000 shares, at which time the assets of the partnership, subject to all liabilities, were transferred to the corporation in consideration of the issuing of all its capital stock to the several partners in proportion to their respective interest in the business. The business continued as before, except for the corporate form. Mrs. Dickinson received 2,900 shares, 100 shares of her partnership interest being issued to her husband.

On July 31, 1929, a Delaware corporation was organized for the purchase of the entire assets, business, property, and good will of the Massachusetts corporation, and the Delaware corporation turned over to the J. Cushing Company cash and property in payment. The Massachusetts corporation was then dissolved and the cash and property received from the Delaware corporation was, by vote of the Board of Directors of the J. Cushing Company, distributed among the shareholders. In 1929, at the time of the dissolution, the plaintiff, Arnold C. Dickinson, held 550 shares of the stock of the corporation. He received 150 of these shares by bequest under the will of Susan C. Dickinson, who died March 8, 1926. He also received on January 8, 1920, by gift from Mrs. Dickinson, 50 shares, and on June 1, 1923, he received from her by gift 350 additional shares.

The District Court further found that the Commissioner had before him reports of revenue agents and inspectors disclosing the fact of the transfer of the partnership property to the corporation in 1917.

The government assigned as errors the following:

(1) That the court erred in failing to make respondent's findings of fact No. 4, that the fair market value of the stock or proportionate interest in the partnership of the J. Cushing Company, on March 1, 1913, was $95.42 per share.

(2) That the court erred in failing to make respondent's requested ruling of law No. 3, that the taxpayer was estopped from questioning that the value of the stock or proportionate interest in the partnership of the J. Cushing Company, on March 1, 1913, was $95.42 per share.

(3) That the court erred in failing to make respondent's requested ruling No. 2, that the value of the stock of the J. Cushing Company, or taxpayer's proportionate interest in the partnership, on March 1, 1913, was the proper basis to determine gain or loss on the sale of the taxpayer's stock upon the liquidation of the corporation in 1929.

(4) That the court erred in holding that the basis for determining gain or loss upon the liquidation in 1929 was the fair market value of the stock of the J. Cushing Company as of October 1, 1917.

(5) That the court erred in holding that, on the evidence in the case, the taxpayer was not estopped from claiming the fair market value of the stock of the J. Cushing Company as of October 1, 1917, as the proper basis for determining gain or loss upon the liquidation in 1929.

(6) That the court erred in failing to make respondent's requested ruling No. 2, that the taxpayer, on the evidence in the case, was estopped from claiming the fair market value of the stock of the J. Cushing Company on October 1, 1917, as the basis for determining gain or loss upon the corporation's liquidation in 1929.

(7) That the court erred in denying respondent's motion for judgment.

(8) The judgment entered is contrary to law.

The appellant takes nothing by its first assignment of error, as the finding of special facts is discretionary with the judge sitting without a jury. Assignments 2 and 3 are merely statements of the same alleged error in another form. Assignments 4, 5, and 6 present the same issue as to whether the basis for determining gain or loss in 1929 was the fair market value of the plaintiff's 350 shares on October 1, 1917, and

whether the plaintiff was estopped to claim such a basis cost of the 350 shares of stock given to him on June 1, 1923.

We think assignments 7 and 8 are without merit upon the facts found by the District Judge.

It was stipulated by the parties that the correct cost basis for the 150 shares which passed to the plaintiff under the will of Susan C. Dickinson was $200 per share. It was also stipulated that the proper cost basis of the 50 shares which passed by gift from Susan C. Dickinson on January 8, 1920, and prior to December 31, 1920, was the fair market value of the shares at the time of the gift.

The only issue raised by the government's assignments of error and relied upon by the government is whether the plaintiff was estopped from claiming that the cost basis of the 350 shares of stock given to the plaintiff on June 1, 1923, was the fair market value of the stock to be determined as of October 1, 1917, when the donor's partnership interest was exchanged for shares of stock in the J. Cushing Company.

The government contends that since the partners, including the plaintiff's donor, reported no income in their 1918 returns for the year 1917, as a result of the incorporation of the partnership business, which was a closed and taxable transaction, and since it is claimed that they should have done so under Marr v. United States, 268 U.S. 536, 45 S.Ct. 575, 69 L.Ed. 1079, by their failure to include an increased value of their shares in the partnership as represented ·by the stock of the corporation on October 1, 1917, over the value of her partnership interest on March 1, 1913, they are now estopped from claiming that the cost basis of the shares received by the plaintiff on June 1, 1923, was their value on October 1, 1917, but should be determined as of March 1, 1913. This, in fact, was the date adopted by the plaintiff in his return for the year 1929 for determining the cost basis of the 350 shares received by him by gift on June 1, 1923, and by the Commissioner in determining the tax of the plaintiff.

In United States v. S. F. Scott & Sons, 1 Cir., 69 F.2d 728, 732, this court said: "To constitute estoppel (1) there must be false representation or wrongful misleading silence. (2) The error must originate in a statement of fact and not in an opinion or a statement of law. (3) The person claiming the benefits of estoppel must be ignorant of the true facts, and (4) be ad-versely affected by the acts or statements of the person against whom an estoppel is claimed."

The District Court held that the second and third elements above mentioned are both lacking in the present case; that when the taxpayer's return for 1917 was filed, there was no evidence of any departmental ruling or memorandum available to the public in 1918 on this point, of which the donor-taxpayer was bound to take notice. If so, it was equally, if not more binding on the Commissioner. The question whether a transaction like the above,· which took place at the time of the incorporation of the J. Cushing Company in 1917 resulted in taxable income, it is argued, was not finally settled until 1925, when Marr v. United States, supra, was decided, in which case four members of the Supreme Court dissented, but see Weiss v. Stearn, 265 U.S. 242, 254, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520. The District Court further ruled that the taxpayer's error was clearly one of law and of such a character that no estoppel arises therefrom. Jamieson v. United States, D.C., 10 F.Supp. 321; Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511.

Estoppel depends on facts, and the party claiming estoppel has the burden of proving the facts necessary to establish it.

It appears from the record in the case that an examiner for the Internal Revenue Department learned that there was an incorporation of the partnership in 1917, and a transfer of the assets of the partnership to the corporation, and that it was brought to the knowledge of the Commissioner. Both the Commissioner and the donor and taxpayer in 1917 must have been of the opinion that, since the corporation represented the same business and assets, and Mrs. Dickinson's shares of stock represented the same proportion of the corporate assets as her shares as partner represented of the partnership property, there was no gain to her in 1917 by the incorporation of the partnership business, Weiss v. Stearn, supra; Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 62 L.Ed. 372, L.R.A.1918D, 254.

A revenue agent, J. J. Ellsworth, made an inspection of the J. Cushing Company, a partnership, for purpose of excess profits tax liability for the year 1917 up to October 1, 1917, and also the J. Cushing Company, a corporation, and its subsidiary, the Cushing Holding Company, for the last three months in 1917, and reported on July 1, 1921, that

he had made a complete examination of the above companies and visited the main office at Fitchburg, Mass., where all books were kept; that the branches located at Framingham, Concord, Stoughton, North Abington, all in Massachusetts, were visited to check monthly reports from which books at Fitchburg were compiled; that Mr. Milton Cushing, president and treasurer, and Frank Peterson, clerk and bookkeeper, were consulted on all matters pertaining to returns. The returns for 1917 were made up by Gustavus H. Sparrow, C. P. A. of Boston, Mass.

His report was "reviewed and assembled" by Internal Revenue Agent Charles H. Flathers, who gave the financial history of the J. Cushing Company as follows:

"The corporation is a successor of a partnership originally started in 1894 and incorporated on October 1, 1917, with an authorized capital stock of $600,000, all common, par value $100. The stock was paid for with cash, bills receivable and personal property as per balance sheet of October 1, 1917, *which is a continuation of the partnership with no change."* (Italics supplied.) See Weiss v. Stearn, supra.

On November 25, 1922, Revenue Inspector C. C. Robbins made a report to the Internal Revenue agent in Boston of an additional tax of $3,035 on Mrs. Dickinson for 1917, and stated that the distributable income of the taxpayer from the partnership contained in this report is based on a report covering an examination of the books and records of the J. Cushing Company dated July 1, 1921, and submitted by Revenue Agent J. J. Ellsworth.

On December 21, 1922, the Internal Revenue agent at Boston forwarded to Mrs. Dickinson the report of Inspector Robbins, stating that it covered "an examination recently made by a representative of this office covering your income tax liability," and stated that "the original of this report has been forwarded for federal action to the Commissioner of Internal Revenue at Washington, D. C."

The Commissioner then had before him the report of C. C. Robbins, which sets forth that it was based on a report submitted by J. J. Ellsworth, which report sets forth a complete examination of the books and records of the J. Cushing Company, both as a copartnership and as a corporation, during the year 1917.

It is evident that the Department at Washington and the Commissioner had, in time to make any additional corrections in the return of Mrs. Dickinson for 1917, the data laid before him, which, if it did not give him all the information necessary to assess a tax on any increase in value, due to the incorporation of the partnership business, gave him information where he could obtain it. All rulings of the Department and Treasury decisions on such questions were, of course, available to him.

Apparently the Commissioner and Mrs. Dickinson were both of the opinion that the situation was such that no taxable gain resulted to her.

██ The District Court's finding that the defendant had not sustained the burden of showing that the Commissioner was ignorant of the facts and was misled by the return of Susan C. Dickinson for the year 1917, was clearly supported by the evidence in the case. It nowhere appears that Mrs. Dickinson's return for the year 1917 was conceived in fraud. Fraud must be clearly shown. The plaintiff, therefore, is not estopped from claiming the cost price of the shares given to the plaintiff on June 1, 1923, as their value in the hands of his donor on October 1, 1917.

In Jamieson v. United States, supra, the petitioner had stock in the J. Cushing Company acquired under substantially the same circumstances as that of the petitioner in this case. The government there raised the same contention as to estoppel as is made here, and the District Court there found and held in that case that the proper basis for shares acquired by gift on June 1, 1923, was the fair value of the shares on October 1, 1917.

The government states in its brief that in the Jamieson Case the government admitted that it knew all the facts regarding the incorporation in 1917. In this case the District Judge found from the evidence that the Commissioner had knowledge of the incorporation and the facts that should have led him to determine whether there was a gain to Mrs. Dickinson thereby in the taxable year 1917. Since this finding of fact cannot be said to be without evidence to support it, this case and the Jamieson Case in this respect stand on the same footing before this court.

It it admitted by the government that the statute of limitations now prohibits the assessment of an additional tax for the year 1917 in the year 1929, but claims that the taxpayer is estopped to claim that the cost basis of the stock received by him in 1923

70

is the cost of the shares received by the donor on October 1, 1917, because the donor made no return of any income received by the exchange of the partnership interest for stock in the new corporation.

It also appeared in the stipulated facts that a part of the increased value of the partnership property from March 1, 1913, to October 1, 1917, was due to the fact that the partners, while they paid an income tax on the earnings of the partnership, left a large part of them in the business. There can be no justice in collecting another tax on this increased value by taking the value of the partnership property as of March 1, 1913, in order to determine a tax in 1929 on shares of a corporation received from one of the partners by gift in 1923.

■ The result of the payment by the taxpayer of his 1929 tax based on his return, taking the cost basis of his stock as that of March 1, 1913, is to include therein the tax which should have been assessed for the year 1917, which is now barred by the statute of limitations. Section 607 of the Revenue Act 1928, 26 U.S.C.A. § 1670(a)(2), provided that any payment of a tax after the expiration of the period of limitation shall be considered an overpayment and shall be refunded to the taxpayer.

In McEachern v. Rose, 302 U.S. 56, 59, 60, 58 S.Ct. 84, 85, 82 L.Ed. ——, the court said:

"We may assume that, in the circumstances, equitable principles would preclude recovery in the absence of any statutory provision requiring a different result. But Congress has set limits to the extent to which courts might otherwise go in curtailing a recovery of overpayments of taxes because of the taxpayer's failure to pay other taxes which might have been but were not assessed against him. Section 607 of the 1928 act, 26 U.S.C.A. § 1670(a)(2) declares that any payment of a tax after expiration of the period of limitation shall be considered an overpayment, and directs that it be 'credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim.' "

■ The District Court in its opinion sets forth the method it employed in fixing the value of these stocks, but no assignment of error raises any question as to the method employed, and having determined the date of fixing the cost basis of these stocks, his finding as to values must stand.

The judgment of the District Court is affirmed.