Toomey, J.
INTRODUCTION
The plaintiffs, eleven registered voters in the Town of Dudley, bring this action against the defendants, the Selectmen of the Town of Dudley, the Town Clerk, and Town Counsel, claiming that the defendants failed to comply with the Town of Dudley’s Recall and Removal Act, Statute 1980, Chapter 225 (“the Dudley Recall Act"). The plaintiffs now request a preliminary injunction, the essence of which seeks (1) to order the Dudley Town Clerk to certify the signatures presented by plaintiffs in connection with a proposed recall election, and (2) to prevent the other defendants from impeding the recall petition process.
For the reasons outlined below, the plaintiffs’ application for a preliminary injunction is DENIED.
BACKGROUND
On March 30, 1994, the defendant Armstrong, as Dudley Town Clerk, refused to accept the plaintiffs’ recall petitions containing 551 signatures and seeking the recall of defendant Norma C. Smith. Complaint, Exhibit B. As reason for his refusal, Armstrong noted that the time to file the petitions had rim out, even though Armstrong had admittedly misinformed the plaintiffs of the correct deadline. Armstrong provided plaintiffs with a model affidavit and recall petitions. Complaint, ¶¶16-23. The plaintiffs were un-discouraged by the failed recall and began a new recall effort by producing another affidavit modeled after Armstrong’s form. Complaint, ¶24, Exhibit D.
The plaintiffs filed the second affidavit with Armstrong on April 1, 1994, and, in response, Armstrong issued to the plaintiffs a second set of recall petitions. Complaint, ¶26. By April 12, 1994, the plaintiffs had acquired over 600 signatures for the second recall petition. Complaint, ¶28. In a letter dated April 13, 1994, Armstrong forwarded to the selectmen the recall petitions with 600 signatures.
On the same day, Town Counsel advised Armstrong and the selectmen that the plaintiffs failed to follow the correct procedure in their second recall attempt. Complaint, ¶31. On April 14, 1994, Town Counsel published an opinion, which stated that the affidavit submitted by the plaintiffs was defective because it did not meet necessary minimum requirements for an effective affidavit. Complaint, ¶32, Exhibit E.
Other questions concerning the legitimacy of the signatures on the second recall petition were presented. One signatory allegedly signed the recall petition under the mistaken impression that he was signing nomination papers for petitioner/plaintiff David Tiberii. Affidavit of DiDonato, ¶5. Others reported that Dudley firefighters, in uniform, solicited signatures for the recall petition and were intimidated into signing. Affidavit of Hollenbeck, ¶5.
The defendants did not place the plaintiffs’ requested recall question on the May 9, 1994 Dudley town election warrant. On April 20,1994, the plaintiffs filed this action seeking injunctive relief; the request for preliminary remedy was heard by the court, and, on April 27, 1994, the request was denied, with notation that this memorandum would follow.
DISCUSSION
When evaluating an application for a preliminary injunction, the court first looks to the moving party’s claim of injury and its chances of success on the merits; thereafter, the court will determine whether or not failing to grant the injunction would create a greater risk of irreparable harm to the moving party than would be visited upon the opposing party should the injunction be granted. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617-18 (1980). In this case, plaintiffs have failed to establish either element.
The Merits
The plaintiffs will not likely prevail on the merits because the evidence suggests that they failed to comply with proper recall procedure. To place a recall election on a ballot in Dudley, the plaintiffs must comply with certain requirements pursuant to Chapter 226 of the Acts of 1980, entitled “An Act Providing for Removal Elections in the Town of Dudley” (“the Dudley Recall Act”). The defendants, as town officials, are required to enforce those requirements. See Attorney General v. Campbell, 191 Mass. 497, 501-02 (1906); Blackmer v. Hildreth, 181 Mass. 29, 31-32 (1902). In the case at bar, the plaintiffs failed, in two respects, to comply with the Dudley Recall Act, and therefore, the defendants were warranted in refusing plaintiffs’ request to place a recall election question on the May 9, 1994 ballot.
First, the plaintiffs failed to submit an effective affidavit in their request for recall petitions. The Dudley Recall Act provides, in pertinent part, that
Any five qualified voters of the town may make and file with the town clerk an affidavit containing the name of the officer sought to be removed and a statement of the grounds of removal. The town clerk shall thereupon deliver to said voters making such affidavit a sufficient number of copies of petition blanks for such recall and removal.
St. 1980, c. 226 (emphasis supplied).
It is well established that an affidavit in the context of a recall election must be made under the pains and *372 penalties of perjury or other similar language constituting an oath. Galvin v. Town of Winchester, 369 Mass. 175, 177 (1975). In the case at bar, no such language appears on the document purported to be an affidavit, and, although the word “affidavit” appears atop the document, that one word is insufficient to cure the absence of an oath. Id.
Second, the petition blanks submitted by the plaintiffs complete with signatures do not comply with the Dudley Recall Act. The relevant portion of the statute provides that:
Said blanks shall be issued by the Town Clerk with his signature and official seal attached thereto-, and shall be dated and addressed to the Selectmen. Said blanks shall contain the name of the person to whom issued, the number of the blanks so issued, the name of the person sought to be removed the office from which removal is sought, the grounds of removal as stated in said affidavit, and shall demand the election of a successor to such office.
St. 1980, c. 226 (emphasis supplied).
In the case at bar, the petition blanks failed to meet several of the requirements set out in the Dudley Recall Act. The blanks were not under the seal and signature of the Town Clerk, and failed to contain the name of the person to whom they were issued, the name and office of the person sought to be removed, and a demand for the election of a successor. Those failings required the defendants to deny the plaintiffs’ requests that a recall election be placed on the May 9, 1994 Dudley Town ballot. There appears to be a total lack of statutory compliance in plaintiffs’ triggering documents.
The plaintiffs make one substantial argument to the contrary. They contend that since the defendants, acting in their official capacities, provided to the plaintiffs a defective affidavit and petition blanks, the defendants are estopped from alleging that the documents are defective or that the plaintiffs have failed to comply with the Dudley Recall Act. The argument lacks merit, however, as it is well established that, when local officials take actions in disregard of a statute or ordinance, their actions may not be the subject of estoppel. See Sorenti v. Board of Appeals of Wellesley, 345 Mass. 348, 352 (1963): Elbe File and Binder Co. v. Fall River, 329 Mass. 682, 686 (1953); Ryan v. Somerville, 328 Mass. 324, 326 (1952).
Additionally, the plaintiffs had full notice of the demands of the Dudley Recall Act because Armstrong provided the plaintiffs with a copy of it prior to their filings. Since estoppel cannot be asserted by one who has knowledge of the subject as to which he claims to have been misinformed, plaintiffs will not be heard to claim estoppel here. Schiller v. Metropolitan Life Ins. Co., 295 Mass. 169, 175 (1936); See United States v. Dickenson, 95 F.2d 65, 69 (1st Cir. 1938): United States v. S.F. Scott & Sons, 69 F.2d 725, 732 (1st Cir. 1934).
Finally, although the defendants, by their conduct, may have implied that the defective recall documents were in compliance with the law, estoppel will not assist one who has been misled by an erroneous statement of law. See United States v. Dickenson, 95 F.2d at 68.
Because of the weaknesses in plaintiffs’ documentary compliance and estoppel contentions, this court concludes that the plaintiffs have failed to establish a substantial likelihood of success on the merits of their claim.
Irreparable Harm
The plaintiffs also have failed to establish that they would be irreparably harmed if an injunction did not issue in their favor. Although the plaintiffs’ efforts to place the recall election on the May 9,1994 ballot have failed, they may still acquire a recall election by following the procedure set out in the Dudley Recall Act. In fact, two of the defendant selectmen, Anthony DiD-onato, Sr. and Enzo Hollenbeck, have sworn by affidavit that they both are “ready to schedule a special recall and removal election as soon as the procedures set forth in [The Dudley Recall Act] are followed.” Affidavit of Anthony DiDonato, Sr., ¶4; Affidavit of Enzo Hollenbeck, ¶4. Accordingly, this court’s refusal to grant injunctive relief does not constitute an irreparable harm to plaintiffs who need only to comply with the well detailed procedure to attain their objective of a recall election.
Additionally, even if the plaintiffs would suffer irreparable harm from denial of their injunctive prayer, such harm would be inferior to that resulting to defendants from the grant of an injunction. The plaintiffs seek a preliminary injunction requiring the recall election to be placed on the May 9, 1994 Dudley Town Election. Such an election would, however, in light of the aforementioned procedural irregularities, likely be challenged and invalidated. Troland v. Malden, 332 Mass. 351 (1951) (petition irregularities invalidated election); G.L.c. 268A. As a consequence, the defendants would suffer great irreparable harm should they be required, by injunction, to press forward with such a suspect election.
CONCLUSION
This court concludes that the plaintiffs have failed to establish either a likelihood of their prevailing on the merits of their complaint or irreparable harm to them if a preliminary injunction does not issue in their favor.
ORDER
Accordingly, it is hereby ORDERED that entry be made that the plaintiffs’ application for a preliminary injunction be DENIED.