ATTORNEY GENERAL *vs.* FRANCIS A. CAMPBELL.

Suffolk.    March 9, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Elections.    Clerks of Court.    Superior Court.    Suffolk County.    Words, "Clerk of the courts."*

An appointment of a clerk of the Superior Court for civil business in the county of Suffolk by the justices of the Superior Court under R. L. c. 11, § 277, to fill a vacancy caused by the death of the former clerk, is an appointment, not for the remainder of the term of five years, but only until "the next annual State election for which precepts can be seasonably issued," for which the statute makes it the duty of the Governor to cause such a precept to be issued.

The expression "clerk of the courts" in St. 1893, c. 417, § 218, and in R. L. c. 11, § 277, includes the clerks of the Superior Court in Suffolk County.

Under R. L. c. 11, § 149, when a certificate of a nomination for a State office has been filed with the secretary of the Commonwealth and is "in apparent conformity with law," it is "valid unless objections thereto are made in writing" and are filed in the manner prescribed by that section.

If the Governor has ordered that a special election be held to fill a vacancy in the office of a clerk of court at the same time as the annual State election, and a candidate for the office is nominated at a caucus for the nomination of State officers held on the same day on which the precept for the special election is issued, so that the provisions of R. L. c. 11, §§ 89, 90, in regard to the calling of a caucus for a special election are not complied with, and if the nomination is certified to the secretary of the Commonwealth and the name goes unchallenged upon the printed ballot, and the candidate is elected, the irregularities in regard to the making of the nomination do not invalidate his election.

INFORMATION in the nature of a *quo warranto*, filed by the attorney general on May 27, 1905.

The case came on to be heard before *Lathrop*, J., who at the request of the parties reserved it for determination by the full court upon the pleadings and an agreed statement of facts, such order to be made as order and justice might require.

*F. P. Cabot*, (*F. T. Field*, Assistant Attorney General with him,) for the petitioner.

*N. Matthews*, (*R. Spring* with him,) for the respondent.

KNOWLTON, C. J.    This is an information in the nature of a *quo warranto* to determine by what authority the respondent holds the office of clerk of the Superior Court for civil business in the county of Suffolk.    Joseph A. Willard was elected to that office for the term of five years from the first Wednesday of January,

1902. On August 14, 1904, he died. On September 3, 1904, the justices of the Superior Court, acting under R. L. c. 11, § 277, appointed Francis P. Ewing Mr. Willard's successor, and he duly qualified and entered upon the duties of the office. On September 27 of the same year, the acting Governor of the Commonwealth issued a precept to the board of aldermen of Boston, reciting that by reason of the death of Mr. Willard a vacancy then existed in the office, and directing them to notify and summon the voters to fill the vacancy for the remainder of the term of five years from the first Wednesday of January, 1902, by an election on the eighth day of the following November, which was the day prescribed by the statute for the annual State election. The aldermen acted upon this precept in the usual way, and, on the day appointed, the respondent was elected by a vote of 46,166 ballots cast for him, 45,835 being cast for Henry Bellew, and 2,759 cast for other persons. The respondent took the prescribed oath and entered upon the duties of the office.

The attorney general contends that he was not legally elected, first, because the appointment of Mr. Ewing by the justices was in legal effect for the remainder of the term for which Mr. Willard was elected, so that there was no vacancy to be filled by election, and secondly, because the precept for the election was not seasonably issued, and the proceedings which the law requires to render an election valid were not had in pursuance of it. The last part of this contention is founded on the fact that, on the day when the precept was issued, caucuses were being held for the nomination of officers, and the election of delegates to conventions to nominate officers, to be voted for at the election on November 8, and no caucuses were held for that purpose after the day on which the precept was issued.

Article 19 of the amendments to the Constitution of Massachusetts, which was ratified in 1855, provides for the election by the people of certain officers who previously had been appointed by the Governor, including clerks of the courts. By this amendment the Legislature was required to prescribe by general law for the election of these officers. By the St. of 1856, c. 173, § 2, the Legislature provided for the election of clerks of the courts, with a special requirement that in Suffolk County, instead of electing a single officer who should be clerk of the Supreme

Judicial Court and clerk of the Superior Court for that county, as in other counties one person was to be elected to be clerk of the Supreme Judicial Court and clerk of the Court of Common Pleas, the voters should elect a clerk of the Supreme Judicial Court and a clerk of the Superior Court. The Superior Court of the County of Suffolk had been created by St. 1855, c. 449, to take the place of the Court of Common Pleas in that county. In the St. 1856, c. 173, the clerk of the Superior Court of the County of Suffolk was treated in the same way, in all particulars, as the clerks of the courts were treated in their relation to the Court of Common Pleas in other counties. All of the clerks of the different courts referred to in the act were removable by the justices of the Supreme Judicial Court, or a majority of them, and the judges of the several courts, or a majority of them, were authorized, in case of a vacancy, to appoint a person to the office to hold it until the next annual election, at which time the office for the unexpired term was to be filled by a vote of the people. In case of a vacancy in the office of clerk of any of these courts, the proceedings for filling it under this statute would have been such as were taken in the present case.

By the St. 1859, c. 196, the Superior Court was established to take the place of the Court of Common Pleas throughout the Commonwealth. This statute provided for the election of clerks of the Superior Court, including one for civil business and one for criminal business in Suffolk County, who were not to be clerks of the Supreme Judicial Court, as were the clerks of the Superior Court in other counties. In other respects the statute treats clerks of the Superior Court in Suffolk County as it treats clerks of the courts in other counties.

We have these laws compiled in the General Statutes of 1860, and by c. 121, § 7, the power of the justices to appoint a clerk of the Superior Court when there is a vacancy in that office in the County of Suffolk is clearly stated. The appointee is to "hold the office until the next annual election, or until another is elected or appointed in his stead." The provision for elections to fill vacancies is found in Gen. Sts. c. 10, § 13, which deals with clerks of the courts and other officers. There can be no doubt that a clerk of the Superior Court for Suffolk County is included in the term "clerk of the courts," found in § 10 and

referred to in § 13 of this chapter, for there is no other provision for the election to fill a vacancy in this office, which is referred to in Gen. Sts. c. 121, § 7. These provisions of the General Statutes were continued without change in the Pub. Sts. c. 10, §§ 1, 3, 10, 13, and c. 159, § 7. They were left unaffected by the St. of 1890, c. 423. See §§ 188, 190, 197, 200.

The election laws were again revised in 1893, but no changes were made that materially affect this case. St. of 1893, c. 417, §§ 146, 258, 251, 218, 222. We have no doubt that the term "clerk of the courts," in § 218, was intended to include the clerks of the Superior Court in the County of Suffolk, as the same term includes them in former statutes.

In the revision and codification contained in the St. of 1898, c. 548, we find, at the end of § 274, authority to the justices, in case of a vacancy in the office of clerk of the Superior Court for the County of Suffolk, to "appoint a clerk," without an express statement of the term for which they are to make the appointment. But here again we find, in the earlier part of this section and in § 277, express provisions for filling a vacancy in the office of clerk of the courts by an election "at the next annual State election for which precepts can be seasonably issued." In this statute, as in the former statutes, the term "clerk of the courts" includes the clerks of the Superior Court in Suffolk County. It follows that the appointment by the justices, in the present case, which referred to the statute without stating the length of the term, was only until the next annual election for which precepts could be seasonably issued. The principal provisions of the act last cited are found, without material change, in the R. L. c. 11, §§ 211, 277, 280, 282 and 318.

As there was plenty of time after the decease of Mr. Willard to issue a precept seasonably, for an election to fill the vacancy at the next annual State election, there is no doubt that it was the duty of the Governor to issue such a precept.

The remaining objections to the election are all founded on the irregularity as to the nomination of candidates. It is said that the precept was issued too late. It is true that the caucuses were in progress before it was issued, and the delegates elected at these caucuses put the respondent in nomination. A certificate of his nomination was filed with the secretary of the Com-

monwealth, which was in proper form, and his name was put upon the official ballot.   By the R. L. c. 11, § 149, it is provided that, "when certificates of nomination and nomination papers have been filed, and are in apparent conformity with law, they shall be valid unless objections thereto are made in writing." Objections may be filed and a hearing may be had before the State Ballot Law Commission.   No objection was made to the certificate or to the nomination in any form at any time.   This fact, of itself, in connection with the statute, should make it impossible to set aside the election for irregularities in making the nomination.

The precept was not issued too late to allow nominations to be made properly.   This was a special election to be held, by direction of the Governor, for a special purpose.   Authority for it rested on the special precept.   It was to be held, by virtue of the statute, at the same time as the annual State election.   The officers to be elected at the annual State election are prescribed by statute.   R. L. c. 11, §§ 211, 318.   The election of any other officer on the same day to fill a vacancy is a special election.   In the R. L. c. 11, § 87, the nomination of candidates for special elections, who are to be voted for at the annual State election, is a subject of exception to the provisions as to the time of holding caucuses with a view to the nomination of other candidates to be voted for at the same time.

As this was a special election, the caucuses relative to it should have been called under the R. L. c. 11, §§ 89, 90, which provide that they "shall be held at such time and place and subject to such reasonable notice as the political committee . . . may determine."   This committee neglected to issue a call for such a caucus, and this was an irregularity.   The nomination made by the delegates chosen at the caucus held on the day when the Governor's precept was issued was certified, and went unchallenged upon the official ballot.

Does that fact render the election invalid?   We are of opinion that the provision already referred to, in R. L. c. 11, § 149, answers the question in the negative; but if there were no such provision the result would be the same.   The people must be presumed to have expressed their will by their ballots.   We are of opinion that, while the provisions as to holding caucuses for

the nomination of candidates and as to the filing of nomination papers are binding upon the officers for whose guidance they are intended, they may be disregarded in determining the validity of a subsequent election, if it plainly appears that the will of the majority of the electors is fairly expressed by their ballots. It has been so held in similar cases in this Commonwealth. *Strong, petitioner,* 20 Pick. 484. *Commonwealth* v. *Smith,* 132 Mass. 289. *Blackmer* v. *Hildreth,* 181 Mass. 29. In the last of these cases there was a failure to comply with the statute in regard to the nomination papers, and it was held that the irregularities did not invalidate the election. In referring to these statutory preliminaries, Mr. Justice Hammond said, in the opinion of the court: "But with the preparation of the ballot the influence of these provisions ends. If there be irregularities like those in this case they do not accompany the ballot to taint it in the hands of the voter. This view of the statute gives due weight and scope to the provisions in question, and preserves the sanctity of the right of suffrage, and its free and honest exercise. To hold otherwise would be to lose sight of the purpose for which these provisions were made, namely, to provide the method and time for the preparation of the ballot, and would subject our elections to intolerable and perplexing technicalities in no way material to the substantial merits of the controversy, or to the freedom and result of the action of the voters. Its natural tendency would be to thwart rather than to secure a true expression of the popular will." A similar disregard of preliminary requirements and other technicalities, in giving effect to the plainly expressed will of the people at elections, has been shown in many of the decisions of other States. *People* v. *Peck,* 11 Wend. 604. *People* v. *Wood,* 148 N. Y. 142. *People* v. *Wilson,* 62 N. Y. 186. *People* v. *Hartwell,* 12 Mich. 508. *State* v. *Goetze,* 22 Wis. 363. *Cleland* v. *Porter,* 74 Ill. 76. *Supervisors of DuPage County* v. *People,* 65 Ill. 360. *Hoxsie* v. *Edwards,* 24 R. I. 338. *Bowers* v. *Smith,* 111 Mo. 45. *State* v. *Doherty,* 16 Wash. 382.

We are of opinion that the precept of the Governor was seasonably issued, and that the irregularities in regard to making the nominations did not invalidate the election.

*Information dismissed.*