HOWARD B. BRYER *vs.* OMER SEVIGNEY.

APRIL 8, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

*(1)   Elections.   Ouster.   Mandatory and Directory Provisions.*

Under the provisions of Cap. 8, Gen. Laws, 1909, "Of canvassing the Rights and Correcting the Lists of Voters," and of cap. 10, "Of the Manner of Conducting Elections," the requirement that boards of canvassers shall prepare voting lists for the use of election officers in the conduct of elections and the provision that no person shall vote at an election unless his name appears upon such a voting list, are clearly mandatory, but the provision of Cap. 7, Sec. 2, that a citizen of foreign birth shall file with the town clerk proof that he is a citizen of the United States at least five days before any meeting of the board of canvassers, is *directory,* and if notwithstanding the failure of such citizen to file the required proof the board of canvassers place his name on the list and he votes, if the voter is otherwise qualified, his vote

will be held a valid vote, and the election of such voter to a civil office will not be disturbed under the provisions of Cons. R. I., Art. IX, Sec. 1.

PETITION IN EQUITY in nature of *quo warranto*, seeking decree of ouster. Petition denied.

SWEETLAND, J. This is a petition in equity brought under the statute in the nature of *quo warranto* to try the title of the respondent to the office of third councilman of the town of West Warwick.

The parties have agreed to the following material facts. At the time of the election for said office of third councilman on November 5, 1918, the respondent Omer Sevigney was a male citizen of the United States and was twenty-nine years of age. He was born in Canada, but now resides and has his domicile in the town of West Warwick, and has so resided and had his domicile continuously for twenty-seven years last past. He is a naturalized citizen of the United States. His final naturalization papers were granted and legally issued to him by the District Court of the United States for the District of Rhode Island on October 2, 1916, and said papers have been since that time and now are in full force and effect. He registered his name in accordance with law as a registered voter of said town before the last day of June, 1916, and also before the last day of June, 1918. At a meeting of the town council of said town acting as a board of canvassers of said town held in accordance with law before the election in November, 1916, the name of the respondent was placed on the voting list as a registered voter in said town. His name was not stricken from said list by said board of canvassers and he voted at the election held in November, 1916, as a registered voter. The town council of said town, acting as a board of canvassers of said town, at a meeting legally held before the election on the fifth day of November, 1918, placed the name of the respondent on the list of registered voters of said town. Said board of canvassers did not strike the respondent's name from said list and the respondent voted

at said election held on the fifth day of November, 1918, as a registered voter. Said respondent did not file his said certificate of naturalization with the town clerk of said town until December 11, 1918, when he filed the same with said town clerk. At the election held in said town on the fifth day of November, 1918, the respondent was a candidate for the office of third councilman for said town, and received 1,014 votes at such election. The petitioner received at said election 1,008 votes for the office of third councilman. It is alleged in said petition and admitted by the respondent that said town council acting as a board of canvassers on the sixth day of November, 1918, declared the respondent elected to said office; that the respondent took an engagement of said office, entered upon the duties thereof, and still holds, uses and enjoys the privileges, powers, authorities and franchises of said office.

Article IX, Sec. 1 of the Constitution of Rhode Island provides as follows: "No person shall be eligible to any civil office (except the office of school committee), unless he be a qualified elector for such office." Article VII of Amendments to the Constitution, Sec. 1, as amended by Article XI, Section 11 of Amendments to the Constitution, so far as the same is applicable to the matter before us, is as follows: "Every male citizen of the United States of the age of twenty-one years, who has had his residence and home in this state for two years, and in the town or city in which he may offer to vote six months next preceding the time of his voting, and whose name shall be registered in the town or city where he resides on or before the last day of June, in the year next preceding the time of his voting, shall have a right to vote in the election of all civil officers and on all questions in all legally organized town or ward meetings." Chapter 7, Sec. 2, Gen. Laws, 1909, with reference to the registry and canvassing of voters among other things provides as follows: "Provided, that before any person's name shall be placed upon the voting-list, if such citizen shall be of foreign birth, he shall file proof, at least five days

before any meeting of the board of canvassers, with the town clerk that he is a citizen of the United States, and such proof shall be subject to the approval of the board of canvassers of the town or ward wherein such person shall claim the right to vote."

By Article VII of Amendments to the Constitution as amended, quoted above, the Constitution has fixed the qualification of registered voters of the town of West Warwick who are electors for the office of third councilman. Article II, Section 6, Constitution of Rhode Island, provides as follows: "The general assembly shall have full power to provide for a registry of voters, to prescribe the manner of conducting the elections, the form of certificates, the nature of the evidence to be required in case of a dispute as to the right of any person to vote, and generally to enact all laws necessary to carry this article into effect, and to prevent abuse, corruption and fraud in voting." Under this provision the General Assembly may make rules relating to the exercise of the right of suffrage given by the constitution provided such rules are reasonable and do not tend to defeat the right. *King* v. *Board of Canvassers*, 42 R. I. 41. As a part of the statutory regulations, deemed by the General Assembly essential to the orderly conduct of elections, boards of canvassers have been created in the cities and towns of the State. Such boards are required, among other things, to prepare before each election lists of voters eligible to vote at such election. Under the provisions of Chapter 8, General Laws, 1909, "Of canvassing the Rights and Correcting the Lists of Voters," and of Chapter 10, General Laws, 1909, "Of the Manner of Conducting Elections," the requirement that boards of canvassers shall prepare voting lists for the use of election officers in the conduct of elections and the provision that no person shall vote at an election unless his name appears upon such a voting list are clearly mandatory. Statutory directions regarding the preparation of voting lists by boards of canvassers unless made mandatory by the terms of the statute are generally held to be directory.

If a voter qualified to vote for a certain office finds his name upon the official voting list in the hands of the election officer and is permitted to vote at an election for such office such vote shall not be regarded as an invalid or illegal vote and such voter shall be held to be a qualified elector for such office although all the statutory directions have not been complied with by the board of canvassers in placing his name upon such voting list.

The purpose of the statutory direction contained in Chapter 7, Section 2, General Laws, 1909, quoted above, providing that a citizen of foreign birth shall file with the town clerk proof that he is a citizen of the United States at least five days before any meeting of the board of canvassers, is apparent. It was to assist boards of canvassers in the preparation of voting lists, and in accordance with well established principles is a directory provision and not a mandatory one. Such provision is binding upon a citizen of foreign birth who seeks to have his name placed upon a voting list or who complains of the action of a board of canvassers in refusing to place his name there. Such citizen if he fails to comply with this requirement cannot be heard to object because his name has been omitted from the voting list. If notwithstanding the failure of such citizen to file the required proof, the board of canvassers place his name on the list and he votes, if the voter is otherwise qualified, his vote will be held to be a valid vote. The distinction which we have pointed out between those provisions of an election law which are directory and those which are mandatory has been considered by this court in *State* v. *Carroll*, 17 R. I. 591, and in *Hoxsie* v. *Edwards*, 24 R. I. 338. In regard to the failure of a strict compliance with statutory requirement in the preparation of nomination papers, the court said in *Attorney General* v. *Campbell*, 191 Mass. 497, "We are of the opinion that, while the provisions as to holding caucuses for the nomination of candidates and as to the filing of nomination papers are binding upon the officers for whose guidance they are intended, they may be disregarded

in determining the validity of a subsequent election, if it plainly appears that the will of the majority of the electors is fairly expressed by their ballots." The general rule relating to mandatory and directory provisions in election laws is well stated in *Jones* v. *State*, 153 Ind. 440, "All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election, all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void."

In our opinion the petitioner has not made out a meritorious case for a decree of ouster, and is not entitled to the relief prayed for in his petition. The petition is denied.

*Patrick F. Barry, Joseph C. Cawley*, for petitioner.
*Alexander L. Churchill, John F. Murphy*, for respondent.