WILLIAM DONAHUE & others *vs.* SELECTMEN OF SAUGUS.

Essex.    June 20, 1961. — June 26, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Municipal Corporations,* Officers and agents.  *Public Officer.  Jurisdiction,*
    Justiciable question.  *Constitutional Law,* Separable portion of statute,
    Raising question of constitutionality.  *Saugus.  Words,* "Grounds."

A statement of the "grounds" for recall of elected officers of Saugus in
    an affidavit and petition for recall filed under St. 1947, c. 17, § 43, was
    sufficient where it pertained to the manner of their performance of one
    of their duties although it did not indicate any "wrong or serious im-
    propriety" on their part.  [95]
The courts will not go behind a sufficient statement of "grounds" for recall
    of an elected officer of Saugus appearing on the face of the affidavit
    and petition for recall provided for by St. 1947, c. 17, § 43.  [95]
The procedure for recall of an elected officer of Saugus provided in
    St. 1947, c. 17, §§ 42–50, is not objectionable in that the "grounds" for
    recall required by § 43 to be set forth in the affidavit and petition for
    recall need not also appear on the ballot at the recall election.  [96]
Nothing in St. 1947, c. 17, §§ 42–50, providing for recall of an elected
    officer of Saugus implies any misconduct on his part or more than a
    preference by the voters that he no longer continue to act.  [96]
In a mandamus proceeding to require the board of selectmen of Saugus
    to order a recall election pursuant to St. 1947, c. 17, §§ 42–50, the
    question whether the recall procedure was unconstitutional by reason of
    the provision of § 50 that "No person who has been recalled from an
    office . . . shall be appointed to any town office within two years after
    such recall" was not reached since such provision of § 50 was severable
    from the rest of the statute.  [96–97]
The requirement as to the date of holding a recall election in Saugus set
    forth in St. 1947, c. 17, § 44, which had been rendered impossible of
    fulfillment with respect to a certain petition for a recall election by
    failure of the board of selectmen to order the election, in the circum-
    stances was merely directory, and in a mandamus proceeding to compel
    the board to order a recall election the writ issued should provide for its
    being held on a Tuesday as soon as reasonably might be.  [97]

PETITION for a writ of mandamus filed in the Supreme
Judicial Court for the county of Essex on May 24, 1961.
    The case was heard by *Whittemore, J.*

*John M. Fogarty*, (*C. Carroll Cunningham* with him,) for the respondents.

*John F. Dunn*, (*Oliver O. Ward & Frederick B. Willis* with him,) for the petitioners.

WILKINS, C.J.   This petition for a writ of mandamus asks that the respondent board of selectmen of the town of Saugus be required to order a recall election with respect to three of its members.   We assume that the five petitioners are residents and voters of the town, although no description of them is to be found in the petition or elsewhere in the record.   The single justice made findings and rulings, ordered the writ to issue subject to a determination of the full court of the correctness of the rulings, and reserved and reported the case.   G. L. c. 211, § 6; c. 213, § 1B; c. 231, § 111.

Saugus has accepted a town manager form of government.   St. 1947, c. 17, as amended.   There is a board of five selectmen chosen for two year terms.   *Id.* § 2, as amended by St. 1951, c. 79, § 1.   Holders of elective office other than town meeting members may be recalled (§ 42).   "Any ten registered voters of the town may file with the town clerk an affidavit containing the name of the officer sought to be recalled and a statement of the grounds for recall."   The town clerk is to issue "petition blanks" which "shall be dated, shall be addressed to the selectmen, and shall contain the names of the ten persons to whom they are issued, the name of the person whose recall is sought, the grounds of recall as stated in the affidavit, and shall demand the election of a successor in the said office."   The petition is to be filed with the town clerk within twenty days after the filing of the affidavit and shall be signed by at least twenty per cent of the registered voters.   The petition is to be submitted by the town clerk to the registrars of voters for certification forthwith (§ 43).   "If the petition shall be found and certified by the town clerk to be sufficient, he shall submit the same with his certificate to the selectmen without delay, and the selectmen shall forthwith give written notice of the receipt of the certificate to the officer

sought to be recalled, and shall, if the officer does not resign within five days thereafter, thereupon order an election to be held on a Tuesday fixed by them not less than twenty-five nor more than thirty-five days after the date of the town clerk's certificate that a sufficient petition is filed; provided, however, that if any other town election is to occur within sixty days after the date of the certificate, the selectmen shall postpone the holding of the recall election to the date of such other election. . . ."   (§ 44).

The single justice ruled that the statutory requirements were met for an election for the recall of three selectmen, the respondents Ludwig, Rice, and Gustafson, on the ground, "Voting to award an all-alcoholic beverage goods license detrimental to the best interests of the town and its citizens and in direct opposition to the expressed desires of the people living in the area where said license was granted." The three selectmen did not resign. A motion to order an election to be held on Tuesday, June 13, 1961, was defeated, the three selectmen affected voting in the negative, and the other two in the affirmative.

In defence of the refusal to execute what is to us the clear mandate of the recall provisions, the respondent board argues that the "statement of the grounds for recall" is not sufficient. It urges that "grounds" means "substantial grounds" involving "some wrong or serious impropriety." Here the question arises out of the manner of performance of one of the duties of the office of selectman. This is the only ground we need notice, and upon the face of the affidavit it is sufficient. That the courts should conduct hearings and go behind the statement is not contemplated by § 43. This is clear from the direct wording of that section as well as from the stringent requirement of § 44 that there be a prompt recall election.

We state, parenthetically, that were we to look behind the statement of grounds, the present record contains nothing which would benefit the respondent board. The function of the affidavit[1] is not to restrict the meaning of

---

[1] The requirement of an affidavit in the Massachusetts recall statute is not unique. See, for example, *State* v. *Turney*, 97 Conn. 496, 499–502; *State* v. *Edmonds*, 150 Ohio St. 203, 204, 218.

the unqualified word "grounds" but is to start in motion the recall procedure. The petition blanks, as prescribed in § 43, contained the statement of the grounds, which was adopted by the voters who signed them. It is not a valid objection that there is no statutory requirement that the statement also appear on the ballot at the recall election.

Two contentions of the respondent board are, stated together, that by reason of St. 1947, c. 17, § 50, the recall provisions are unconstitutional as imposing an unreasonable discrimination; and that § 50 is not severable from the other provisions. No provision of the State or Federal Constitution is specified in its brief or argument before us. Before the single justice the respondent board cited arts. 1, 6, 7, and 9 of the Declaration of Rights. Section 50 reads: "No person who has been recalled from an office, or who has resigned from office while recall proceedings were pending against him, shall be appointed to any town office within two years after such recall or such resignation."

In his findings and rulings the single justice stated: "The concept is of a device to make elected officers responsive to the opinions of the voters on particular issues. The implication of a recall under the statute is not of misconduct, but only that the voters prefer not to have the recalled official continue to act. I discern no stigma or reflection in § 50 which determines a different construction for § 43. . . . There is no necessary basis in the fact of recall for concluding that the official acted for any reason other than his firm conviction that it was the proper course and in the interest of the municipality." We concur in these rulings by the single justice.

The single justice did not reach any issue of unconstitutionality, as he ruled, and we agree with him, that § 50 is separable from the rest of the statute. As was said in *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 81, "It is a well settled principle of constitutional law that one part of a statute may be contrary to the Constitution, while the rest may stand as valid, provided the two

parts are distinct and in their nature separable the one from the other and are not so interwoven and mutually dependent as to require the belief that the Legislature would not have enacted the one without the other." See *Krupp v. Building Commr. of Newton,* 325 Mass. 686, 691–692, and cases cited. There is no necessary connection between the exercise of the right of recall and the possible consequence that the official recalled may be ineligible for a time to appointment to any town office.

This is not an occasion to express our views on any issue of constitutionality. No selectman has been recalled, much less, following recall, appointed to a town office.

The recall election should be held on a Tuesday as soon as reasonably may be. The statutory requirement that the election be held "not less than twenty-five nor more than thirty-five days after the date of the town clerk's certificate" is in the circumstances directory, as the single justice ruled. *Boston* v. *Barry,* 315 Mass. 572, 578, and cases cited in footnote.                                    *Writ to issue.*