MARGARET D. GALVIN & others vs. TOWN CLERK OF
WINCHESTER.

Middlesex.    October 9, 1975. — December 4, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Municipal Corporations*, Officers and agents, "Home rule." *Public
Officer. Winchester. Words*, "Affidavit."

A document presented to a town clerk requesting the issuance of a
recall petition against an elected town official and twice using the
word "affidavit" above the signatures of voters, but not stating
that the document was made under oath or under the penalties of
perjury, did not comply with the requirement of the town charter
that a recall petition be commenced by the filing of an "affidavit."
[177]

Under the charter adopted by Winchester on March 3, 1975, pro-
viding that it should become fully effective upon its approval by
the voters but establishing eight voting districts "to be effective for
the purposes of the annual town election" in 1976, the procedure
for the recall of elected town officials did not become effective
until after such election. [177]

CIVIL ACTION commenced in the Superior Court on
April 10, 1975.

The case was heard by *Brogna,* J.

The Supreme Judicial Court granted a request for
direct appellate review.

*Lane McGovern,* for Stephen R. Parkhurst & others,
interveners.

*Robert S. Frank, Jr.,* pro se.

*Douglas A. Randall,* Town Counsel, for the Town
Clerk of Winchester.

*David E. Neitlich* for Margaret D. Galvin & others.

BRAUCHER, J.    The voters of the town of Winchester
adopted a home rule charter on March 3, 1975, and on
March 27, 1975, the plaintiffs sought to initiate, pursuant
to the new charter, a recall election for four members of

the school committee of the town. We hold that the "affidavits" seeking recall, neither notarized nor signed under penalties of perjury, did not comply with the charter, and that, in any event, no recall election may be held under the charter until after the annual town election for 1976. We therefore direct that this action in the nature of mandamus against the town clerk be dismissed.

We summarize the findings, rulings and judgment of the judge in the Superior Court. The charter contained, for the first time in the history of the town, a procedure for the recall of certain town officers (§ 7-13): "Two hundred or more voters may file with the town clerk an affidavit containing the name of the officer whose recall is sought and a statement of the grounds upon which the petition is based. At least twenty-five names of voters shall be from each of the eight districts into which the town is divided. The town clerk shall thereupon deliver to said voters petition blanks demanding such re- call . . . ." On March 27, 1975, the plaintiff Galvin presented four documents entitled "affidavit" to the town clerk. Each contained at least 215 signatures, including at least twenty-five from each of the six voting precincts into which the town was then divided. None contained a jurat or a provision that the paper was signed under the penalties of perjury.

The new charter provides that it is fully effective on approval by the voters, except as otherwise provided. There is no exception as to the recall procedure, but there is a provision for division of the town into eight districts no later than November 15, 1975. "The establishment of the eight districts" is to "be effective for the purposes of the annual town election" in 1976. § 8-5 (b), (c).

The town clerk received an opinion from the town counsel that the recall provisions were not effective, and refused to deliver petition blanks to the plaintiffs. The judge ruled that the recall provisions of the new charter were in effect and that the affidavits were proper, and

judgment was entered commanding the town clerk to issue petition blanks to the plaintiffs. The town clerk and the four members of the school committee appealed. A single justice of the Appeals Court ordered expedited handling of the appeal, and we allowed an application for direct appellate review.

1. *"Affidavit."* "An affidavit is a statement in writing sworn before an officer authorized to administer an oath." *Murphy, petitioner,* 321 Mass. 206, 213 (1947), and cases cited. Under G. L. c. 268, § 1A, as appearing in St. 1947, c. 106, a statement containing "a written declaration that it is made under the penalties of perjury" satisfies a requirement of an affidavit. The judge ruled that the use of the word "affidavit," which appeared twice over the signatures in the present case, was sufficient. This was error.

The judge relied in part on *Donahue v. Selectmen of Saugus,* 343 Mass. 93 (1961), although no question as to the requirement of an oath was presented in that case. We there cited two cases to show that the requirement of an affidavit "is not unique." *Id.* at 95 n.1, citing *State v. Turney,* 97 Conn. 496, 499-502 (1922), and *State v. Edmonds,* 150 Ohio St. 203, 204, 218 (1948). Each involved an affidavit of a single elector. Cf. *Newman v. Secretary of the Commonwealth,* 339 Mass. 749, 752 (1959). Here 200 or more voters must file the affidavit. We think the requirement may be satisfied without inconvenience by a declaration under G. L. c. 268, § 1A. But an oath or its equivalent is required.

2. *Effective date.* The recall procedure requires at least twenty-five names from each of eight districts. The establishment of those districts is to be effective for the annual town election in 1976. We think, as did the town counsel, that this means that the recall procedure is not effective until after that election.

The judgment is therefore reversed. The complaint is to be dismissed.

*So ordered.*