ROBERT F. BROWN & another[1] *vs.* TOWN OF HANSON & others.[2]
December 1, 1983. *Elections,* Recall election, Irregularity. *Municipal Corporations,* Recall election.

By St. 1982, c. 255, the town of Hanson was authorized to recall certain elected officials. In various respects, the precise statutory procedure for initiating a recall election may not have been followed by persons seeking recall of selectmen in 1982. Disputes arose concerning (a) whether the recall process was initiated by an affidavit (see *Galvin* v. *Town Clerk of Winchester,* 369 Mass. 175, 177 [1975]; *McCavitt* v. *Registrars of Voters of Brockton,* 385 Mass. 833, 841-842 [1982]); and (b) a failure to print the whole recall proposal on each sheet of the recall petition (see *Troland* v. *Malden,* 332 Mass. 351, 356 [1955]). See also *Donahue* v. *Selectmen of Saugus,* 343 Mass. 93, 95 (1961). The election, however, was held on November 6, 1982, after the recall petition had been certified by the town clerk and ordered by the selectmen. At the election, two selectmen were recalled by votes of 952 to 860 and 984 to 830, respectively. Other persons were elected in their places by even larger votes. This complaint, filed by a citizen (with later interventions by a recalled selectman and a successful candidate at the election) sought injunctive and declaratory relief adverse to holding the election and its validity if held.

One Superior Court judge (not the trial judge) refused to enjoin the election but did restrain the town clerk from swearing in new selectmen until further order of the court. Another Superior Court judge, after the election, heard the case very promptly on a statement of agreed facts, and declared the election to be valid. He dissolved the earlier restraining order. One recalled selectmen alone has appealed from the judgment.

We affirm on the basis stated by the trial judge in his findings, declarations, and conclusions of law. This is not a case where irregularities have put the result of an election in doubt. The recall election established that there was a clear public desire in Hanson to effect a recall of the affected town officers. Pre-election irregularities, at least if not the consequence of actions in bad faith, and not fraudulent or significantly prejudicial, usually will be disregarded by a court after an election has been held. *Blackmer* v. *Hildreth,* 181 Mass. 29, 31-32 (1902). *Attorney Gen.* v. *Campbell,* 191 Mass. 497, 501-502 (1906). See *Swift* v. *Registrars of Voters of Milton,* 281 Mass. 264, 268-269 (1932). See also *Pevey* v. *Aylward,* 205 Mass. 102, 107 (1910); *Ray* v. *Registrars of Voters of*

---

[1] Laurence H. Andrews.

[2] The selectmen, the registrars of voters, and the town clerk of Hanson.

*Ashland,* 221 Mass. 223, 227 (1915); *Donahue* v. *Selectmen of Saugus,* 343 Mass. 93, 95-96 (1961); *Desjourdy* v. *Registrars of Voters of Uxbridge,* 358 Mass. 664, 667-670 (1971). The *Campbell* case, 191 Mass. at 501-502, is in accord with the principle stated by the trial judge that a "vote of the citizenry fairly counted . . . after due notice and full opportunity to participate, cleanses the election machinery of any . . . imperfections which . . . existed prior to the balloting." The *Blackmer* case, 181 Mass. at 31, quotes Chief Justice Andrews, in *People* v. *Wood,* 148 N.Y. 142, 147 (1895), "The object of elections is to ascertain the popular will and not to thwart it." See *Santana* v. *Registrars of Voters of Worcester,* 384 Mass. 487, 491-492 (1981); *McCavitt* v. *Registrars of Voters of Brockton,* 385 Mass. 833, 837 (1982).

*Judgment affirmed.*

*Edward C. Lake* for Edmund Spinney.