JOHN MIECZKOWSKI, SR. *vs.* BOARD OF REGISTRARS OF HADLEY & others.[1]

No. 01-P-986.

Hampshire. September 7, 2001. - October 24, 2001.

Present: BROWN, MASON, & DOERFER, JJ.

*Hadley. Municipal Corporations,* Removal of public officer, Selectmen. *Elections,* Recall. *Appeals Court,* Appeal from order of single justice.

A single justice of this court erred as a matter of law in granting a preliminary injunction enjoining the recall election of a selectman on the basis that the grounds set forth in the supporting affidavit did not set forth a factual assertion, because the purpose of such an affidavit was not to give notice to the person who was the object of the recall of every specific factual basis therefor or to afford that person an opportunity to respond, but rather to provide notice of the general reasons for the recall to the voters, and therefore, the grounds set forth in the affidavit did not need to be more specific than the reason for the recall. [64-65]

CIVIL ACTION commenced in the Superior Court Department on May 25, 2001.

Motions for a preliminary injunction and a speedy trial were heard by *Judd J. Carhart,* J.

A proceeding for interlocutory review was heard in the Appeals Court by *Cypher,* J.

*Joel B. Bard* (*Lauren F. Goldberg* with him) for the defendants.

*Michael O. Shea* for the plaintiff.

BROWN, J. The Hadley Special Recall Act (St. 1987, c. 384, §§ 1-7) (Act) provides, in pertinent part:

"SECTION 1. Any holder of an elective office in the town of Hadley may be recalled therefrom by the registered voters of the town as herein provided, for reason

---

[1]Town Clerk of Hadley and Board of Selectmen of Hadley.

of lack of fitness, incompetence, neglect of duties, corruption, malfeasance, misfeasance, or violation of oath.

"SECTION 2. Any ten registered voters of the town may file an affidavit with the town clerk containing the name of the officer sought to be recalled and a statement of the grounds for recall. The town clerk shall thereupon deliver to said voters copies of printed form petition blanks addressed to the selectmen demanding such recall. The blanks shall be issued under the signature and official seal of the town clerk. They shall be dated, and shall contain the names of all persons to whom they are issued, the name of the person whose recall is sought, and the grounds of recall as stated in the affidavit."

On April 30, 2001, voters of the town of Hadley provided the town clerk with sufficient signatures on an affidavit seeking the recall of plaintiff selectman John Mieczkowski. Tracking the language of § 1 of the Act, the affidavit stated that the undersigned registered voters sought to have Mieczkowski recalled "for reason of lack of fitness, incompetence, neglect of duties, or misfeasance." After sufficient registered voters signed blank recall petitions under the procedures set forth in §§ 1 and 2 of the Act, the town clerk submitted the recall petitions to the town board of registrars of voters which, on May 22, certified a sufficient number of signatures to warrant a recall election, scheduled for July 30. Mieczkowski sought a preliminary injunction on the basis that the grounds for his recall were not sufficiently explicit in the affidavit and the voter petitions. After hearing, a Superior Court judge denied Mieczkowski's application for a preliminary injunction and his motion for a speedy trial.

Mieczkowski filed a petition to a single justice of this court under G. L. c. 231, § 118, first par., for relief from the order of the Superior Court. A single justice concluded that Mieczkowski had met the criteria for a preliminary injunction, noting "[s]pecifically: it appears that there exists a meritorious issue on which the plaintiff is likely to succeed (the use of the word 'reason' in section one of Chapter 384 of the Acts of 1987 and the use of the word 'grounds' immediately thereafter in section two of the same chapter suggests that the words have different

meanings and in this context, that the term 'grounds' requires a factual assertion)." Concluding that Mieczkowski would suffer irreparable harm if the injunction was not granted, that the town defendants would not suffer such harm if it was, and that the public interest would not be harmed,[2] the single justice granted so much of Mieczkowski's petition as sought to enjoin the recall election scheduled for July 30, and otherwise denied relief. The town defendants (the town clerk, the board of registrars, and the remaining selectmen) now appeal from the single justice's order.

As we do not think the purpose of the affidavit is to give notice to the one who is the object of the recall of every specific factual basis therefor or to afford that person an opportunity to respond, we thus conclude that the single justice erred as matter of law. The question is informed by *Donahue* v. *Selectmen of Saugus*, 343 Mass. 93, 94-96 (1961). "The implication of a recall under the statute is not misconduct, but only that the voters prefer not to have the recalled official continue to act." *Id.* at 96.

While, so far as appears, the provisions of the Hadley Act are more restrictive (recall to be only "for reason of lack of fitness, incompetence, neglect of duties, corruption, malfeasance, misfeasance, or violation of oath," St. 1987, c. 384, § 1) than those of the act construed in *Donahue*, the voters set forth four of these reasons as grounds in their affidavit. "The function of the affidavit is not to restrict the meaning of the unqualified word 'grounds' but is to start in motion the recall procedure. The petition blanks, as prescribed in [the statute], contained the statement of the grounds, which was adopted by the voters who signed them." *Id.* at 95-96. To the extent that the Legislature required an affidavit of grounds, that requirement is more for the benefit of providing notice of the general reasons for the recall to the *voters*, not the elected official. As the court made clear in *Donahue*, such a statute contemplates a "prompt recall

---

[2]The single justice concluded that Mieczkowski would be irreparably harmed if the injunction were not granted in that he could not respond to the "grounds" advanced for the recall.

election," *id.* at 95, and not a prolonged period while the official under siege mounts a defense.[3]

We reject the notion that the grounds *must* be more specific than the reason for the recall, even if it is reasonable to assume that they may (or even should) be.[4] It is true that in *Donahue*, the grounds stated were specific (awarding an all-alcoholic beverages license over expressed opposition), but we are hard pressed to conclude that the voters were required to do more when they expressly stated "reasons" set forth in the statute. The requisite statement of grounds was adopted by the requisite number of voters who approved the recall by signing the petitions.

> *Order of the single justice granting the preliminary injunction reversed.*
>
> *Injunction dissolved.*

---

[3] See St. 1987, c. 384, § 3: "[T]he selectmen shall order an election to be held on a date fixed by them not less than sixty nor more than seventy days after the date of the town clerk's certificate that a sufficient petition has been filed . . . ."

[4] In passing, we note *McKenna* v. *White*, 287 Mass. 495 (1934), a case not cited by the parties, wherein the court "under[took] to define [the] distinction" between "cause" and "reasons." *Id.* at 497-498. That case is inapposite for the reason, if no other, that a recall procedure by the voters, as here, is materially different in kind from a removal of an appointed official by a mayor or local governing body.