NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12509


CINDY KING  vs.  TOWN CLERK OF TOWNSEND & others.[1]



Suffolk.     April 6, 2018. - June 22, 2018.

Present:  Gants, C.J., Gaziano, Lowy, Budd, & Kafker, JJ.


Municipal Corporations, Removal of public officer, Selectmen.
    Elections, Recall.  Practice, Civil, Preliminary
    injunction.  Injunction.



Civil action commenced in the Superior Court Department on
March 24, 2017.

A motion for a preliminary injunction was heard by John T.
Lu, J.

A proceeding for interlocutory review was heard in the
Appeals Court by Mark V. Green, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


John M. Dombrowski for the plaintiff.
Ira H. Zaleznik (Benjamin W. O'Grady & John E. Page also
present) for Joseph Z. Shank & others.

---

[1] Board of registrars of Townsend, Joseph Z. Shank, Elaine
R. Shank, Leanne Jackson, Erica L. Art, Kelly Michele Kelly,
Michael P. Kelly, Lisa Lewand, Stacy C. Sheldon, Stephen J.
Sheldon, and Jennifer Ann McLaughlin.

<u>Lauren F. Goldberg</u>, for town clerk of Townsend & another, was present but did not argue.

BUDD, J.  Ten registered voters (petitioners)[2] residing in the town of Townsend (town) petitioned the town to hold a recall election to remove the plaintiff, Cindy King, a member of the town's board of selectmen (board),[3] from office pursuant to St. 1995, c. 27, the town's recall act (act).  On April 9, 2018, we issued an order affirming the order of a single justice of the Appeals Court preliminarily enjoining the town from holding a recall election to remove the plaintiff from office, and we indicated then that an opinion would follow.  This opinion states the reasons for that order.  Because the act provides for a recall vote to take place only on grounds not alleged here, the recall election sought in this instance may not proceed.

<u>Background</u>.  In 2017, the petitioners submitted to the town clerk a petition that sought to recall the plaintiff.  See St.

---

[2] The petitioners included those who initiated the recall petition and certain town officials who acted upon it.  When we refer to the petitioners, we mean the former group.

[3] Initially a number of the petitioners sought to recall board member Gordon Clark as well, and he filed a separate lawsuit that eventually was consolidated with the plaintiff's appeal before the Appeals Court.  See <u>King</u> v. <u>Shank</u>, 92 Mass. App. Ct. 837 (2018).  However, by the time this matter came before us, Clark had fewer than six months remaining in his term, and therefore, pursuant to the act, he is not subject to recall.  See St. 1995, c. 27, § 1.

1995, c. 27, § 2.[4]  The affidavit that accompanied the petition cited misfeasance and neglect of duty as grounds for the recall, alleging that, in the plaintiff's role as a member of the board, she

> "neglected her duty to adequately represent the people of [the town] by refusing to argue in the affirmative for the public to be allowed a time for public communication at [board] meetings when no other board before this has refused to hear public comments or concerns and

> " . . . impeded our Police Chief's ability to do the job he was hired to do by using her position of authority and by imposing her views on day-to-day management of the Police Department and

> " . . . neglected to support prior agreements made by the town with our Police Lieutenant and

> " . . . neglected to speak for obtaining an official and full background check on an applicant for a senior position with the [town] prior to signing the employment contract . . . ."

In response, the plaintiff commenced an action in Superior Court to enjoin the recall election, and on the same day, she filed a motion for a preliminary injunction.  She contended that the allegations made against her were legally insufficient to initiate a recall under the act.  A Superior Court judge denied her motion for a preliminary injunction, and the plaintiff appealed to a single justice of the Appeals Court, who ordered

---

[4] Municipalities are authorized to exercise certain legal powers pursuant to the Home Rule Amendment.  See art. 89, § 1, of the Amendments to the Massachusetts Constitution.  Under the Home Rule Amendment, a city or town may petition the Legislature to pass a recall statute specific to it alone.  See art. 89, § 8, of the Amendments.

that a preliminary injunction issue.  After a single justice of the Supreme Judicial Court denied the petitioners' subsequent petition for relief, the Appeals Court reversed the order of the single justice of the Appeals Court and dissolved the injunction.  See King v. Shank, 92 Mass. App. Ct. 837, 847 (2018).  We granted the plaintiff's application for further appellate review, and as mentioned, we issued an order affirming the order of the single justice of the Appeals Court.

Discussion.  We review a grant or denial of a preliminary injunction for error of law or abuse of discretion.  Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 574 (2012).  Here, where there is a question of statutory interpretation, we review the matter de novo.  Commonwealth v. Escobar, 479 Mass. 225, 227 (2018).

1.  Interpreting the act.  Section 1 of the act provides:

"Any person who holds an elected office in the town . . . and who has held that office for four months and has more than six months remaining in the term of such office on the date of filing of the affidavit, referred to in [§ 2], may be recalled from office solely upon the grounds set forth in said [§ 2] by the registered voters of said town."

St. 1995, c. 27, § 1.

Pursuant to the act, a recall election may be initiated by way of a petition signed by a certain number of registered voters, accompanied by an affidavit identifying the officer whom

the voters seek to recall and "a statement of the grounds upon which the petition is based as set forth herein:

> "Lack of fitness, insobriety while performing official functions, involuntary commitment to a mental health facility, being placed under guardianship or conservatorship by a probate court;
>
> "Corruption, conviction of a felony involving moral turpitude, conviction of bribery, or extortion;
>
> "Neglect of duties, repeated absences from meetings without just cause, which shall include but not be limited to illness or regular vacation periods; and
>
> "Misfeasance, performance of official acts in an unlawful manner, or a willful violation of the open meeting law."

St. 1995, c. 27, § 2.

The parties contest the significance of the short description following each of the four categories in § 2. The plaintiff argues that the words following each category are definitions of the grounds listed, excluding conduct not explicitly specified; the petitioners contend that the descriptions are nonexhaustive examples of the type of conduct that could lead to a recall election. For the reasons that follow, we agree with the plaintiff.

First, § 1 of the act states that one may be recalled "solely upon the grounds set forth in said [§ 2]" (emphasis added). If the descriptions after each of the four categories of prohibited behavior were intended to be only examples, the grounds would be nearly boundless, because one could easily

allege conduct that could fit within the scope of one of the four listed categories. This interpretation would render the term "solely" meaningless. See Commonwealth v. Disler, 451 Mass. 216, 227 (2008) (court should read statutes so that no word is meaningless).

Second, we note that although § 2 of the act employs the phrase, "which shall include but not be limited to," indicating nonexhaustive examples, the phrase does not modify any of the four categories of qualifying conduct. The phrase is found in the "Neglect of duties" category: "Neglect of duties, repeated absences from meetings without just cause, which shall include but not be limited to illness or regular vacation periods" (emphasis added). The phrase modifies the words "just cause"; it does not modify "Neglect of duties," nor does it modify "repeated absences." In effect, the phrase expands not the types of conduct that might be considered neglect of duties but instead exceptions to such conduct.

The drafters of the act clearly knew how to indicate a nonexhaustive list. As they did not do so in any of the four categories of qualifying conduct, we must assume that the failure to do so was purposeful. See Commonwealth v. Gagnon, 439 Mass. 826, 833 (2003) ("[W]here the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded" [citation

omitted]).  Thus, we conclude that the four categories are intentionally narrowly circumscribed.

Third, if we interpreted the descriptions to be nonexhaustive examples rather than defining the scope of the categories, they would serve as a source of confusion rather than clarity.  For instance, if "conviction of a felony involving moral turpitude, conviction of bribery, or extortion" were a mere illustration of the category "corruption" rather than a definition, it would be unclear whether a procedural posture short of conviction would also qualify as corruption, including allegations, an arrest, or a verdict in a civil case in connection with such activity.  In contrast, as a definition, the act makes clear that only a "conviction of a felony involving moral turpitude, [or a] conviction of bribery, or extortion" could subject an elected official to a recall vote (emphasis added).  We decline to adopt an interpretation that renders the act ambiguous.  See Albernaz v. United States, 450 U.S. 333, 342 (1981), quoting Bifulco v. United States, 447 U.S. 381, 387 (1980) ("we may not manufacture ambiguity").

The petitioners claim that construing the descriptions of each ground as definitions, rather than as nonexhaustive examples, is nonsensical because the plain meaning of each of the terms is clearly broader than that which is presented in the act.  This argument fails.  Providing definitions of the terms

used in a statute is a way to narrow or expand the reach of that statute. Statutes often provide specific definitions of their terms. See, e.g., G. L. c. 25, § 3 (defining regulated industry company); G. L. c. 89, § 4C (defining heavy commercial vehicles); G. L. c. 111, § 71 (defining responsibility and suitability for license to operate nursing home).

The Legislature has empowered each municipality to determine whether to have a recall statute and, if so, how wide-ranging or narrow it should be. Commonwealth v. Lammi, 386 Mass. 299, 300 (1982), and authorities cited. Here, the description of each ground gives notice to the citizens of the town, and to its elected officials alike, of the conduct for which a recall election might be initiated. Whether it is wiser to have a broad or a narrow recall statute is not a question for this court.[5] See id.

As we conclude that the act allows for a recall election only under one or more of four enumerated circumstances, each of which is specifically defined, we turn to the petitioners' recall petition to determine whether it alleges facts that allow for a recall election in this instance.

---

[5] The petitioners also take the position that if the descriptive words following each of the grounds were definitions, then the terms themselves would be superfluous. This argument also fails, as it would make any definition redundant in relation to the term it defines.

2.  The recall petition.  The affidavit that accompanies the petition in this case alleges that the plaintiff failed to represent adequately the people of the town by (1) failing to support public communication at board meetings, (2) impeding the police chief's work by imposing her views on day-to-day management of the police department, (3) failing to support prior agreements made between the town and a police lieutenant, and (4) failing to advocate for a background check on an applicant to a town position.  Although the petitioners claim that the plaintiff's actions or omissions amount to misfeasance and neglect of duty, the affidavit does not allege "performance of official acts in an unlawful manner, or a willful violation of the open meeting law," the definition of misfeasance under the act; nor does it allege "repeated absences from meetings without just cause," the act's definition of neglect of duty.[6] See St. 1995, c. 27, § 2.

Relying on Donahue v. Selectmen of Saugus, 343 Mass. 93, 95 (1961), and Mieczkowski v. Board of Registrars of Hadley, 53 Mass. App. Ct. 62, 65 (2001), the petitioners contend that the purpose of the affidavit is simply to commence the recall procedure, and to give notice to the voters of the general reasons for the petition; it is not meant to provide an

_____

[6] The allegations also fail to qualify as grounds for corruption or lack of fitness as defined by the act.  See St. 1995, c. 27, § 2.

opportunity to litigate the merits of the recall. They further argue that it is for the citizens of the town, not the courts, to determine whether the stated grounds are sufficient. Although this argument may have merit in some circumstances, it cannot succeed here, where the board drafted the act to restrict the grounds for recall to those it enumerated. Applied here, the petitioners' argument would mean ignoring the limitations of the act.

In Donahue, 343 Mass. at 94, we reviewed the Saugus recall act, which simply required "grounds," i.e., any reason at all, to initiate a recall. See St. 1947, c. 17, § 43. There we held that the recall effort was proper because the Saugus act did not restrict the meaning of "grounds" to require "serious impropriety."[7] Donahue, supra at 95. In Mieczkowski, the Appeals Court interpreted Hadley's recall act, which allowed for a recall election based upon "lack of fitness, incompetence, neglect of duties, corruption, malfeasance, misfeasance, or violation of oath." Mieczkowski, 53 Mass. App. Ct. at 62-63, quoting St. 1987, c. 384, § 1. There were no definitions or other descriptors to accompany the grounds. The Appeals Court

---

[7] The petitioners filed an affidavit seeking a recall based on the official having "[v]ot[ed] to award an all-alcoholic beverage goods license detrimental to the best interests of the town and its citizens and in direct opposition to the expressed desires of the people living in the area where said license was granted." Donahue v. Saugus, 343 Mass. 93, 95 (1961).

concluded that the affidavit, which tracked the statute but did not set forth any supporting factual assertions, satisfied the Hadley act.[8]  Id. at 63, 65.

Both the Saugus and Hadley recall statutes are broader than the act, which, as discussed supra, allows for a recall election only under one or more of four enumerated circumstances, each of which are specifically defined.  Although we agree that a prompt process is important in recall elections, see Donahue, 343 Mass. at 95, we cannot abandon our responsibility to interpret and apply the statute before us.

As the allegations in the affidavit supporting the petition for recall do not fall within the act's enumerated grounds, the recall election may not proceed.

Conclusion.  For the foregoing reasons, on April 9, 2018, we affirmed the order of the single justice of the Appeals Court preliminarily enjoining the town from holding a recall election to remove the plaintiff from office.

---

[8] The petitioners' affidavit stated only that the petitioners sought a recall simply "for reason of lack of fitness, incompetence, neglect of duties, or misfeasance." Mieczkowski v. Board of Registrars of Hadley, 53 Mass. App. Ct. 62, 63 (2001).