NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-62

DHURATA AMETAJ & another[1]

vs.

PAMELA JULIAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This matter arises from a long-standing dispute between the trustees of a two-trustee condominium trust about the management of the trust property.  The defendant appeals from a Superior Court judge's denial of her emergency motion for a preliminary injunction ordering the plaintiffs' cooperation in the construction of a new garage on the trust property, a motion to reconsider the same, and her requests to hold an evidentiary hearing.[2]  We affirm.

_____

[1] Arian Ametaj.

[2] Different judges issued the order denying the defendant's emergency motion to order the plaintiffs' cooperation and an earlier order compelling arbitration of the dispute.  Following the chronology of the case, we refer to the judge who compelled

Background.  The parties each own one unit of a two-unit condominium.  The condominium is managed by a trust, which governs, inter alia, the maintenance of common areas on the condominium property.  The parties are the two trustees.  The trust provisions divide the parties' interests in the common areas, granting the defendant a fifty-five percent interest and the plaintiffs a forty-five percent interest.  The distribution of the common area interests dictates cost sharing and decision-making among the trustees.  Regarding costs, the bylaws state that "Unit Owners shall be liable for common expenses and entitled to common profits of the Condominium in proportion to their respective percentages of beneficial interest."  Regarding decision-making, the trust provisions state that "[t]he beneficial interest of each Unit of the Condominium shall be held and exercised as a Unit and shall not be divided among several owners of any such Unit."

In or around June 2011, the defendant solicited an estimate from a contractor to repair the roof of the shared garage on the property and provided the estimate to the plaintiffs.  The plaintiffs believed the estimate was too high and wanted to obtain additional estimates.  The record contains no evidence of

arbitration as the first judge and the judge who denied the defendant's motions for a preliminary injunction and for reconsideration as the second judge.

2

any further communication between the parties until late 2012, when the defendant followed up with the plaintiffs regarding the garage repair.  The plaintiffs responded that they "[could not] afford any work on the garage right now."

In November 2019,[3] the plaintiffs sought a preliminary injunction to remove the defendant as a trustee because of the parties' failure to agree about the necessary maintenance and repairs of the common areas. The first judge requested that the parties attempt to mediate their dispute, but the subsequent mediation effort was unsuccessful.

On August 24, 2020, the first judge held a hearing regarding several outstanding matters, including the plaintiffs' motion to dismiss the action due to perceived inaction of the court.  At the hearing, the plaintiffs expressed a desire to sell their condominium.  Though the defendant did not object to the plaintiffs' request, she sought reassurance that the plaintiffs would uphold their obligation to pay for their respective share of any garage repairs made before the sale of their interest.  The first judge entered an order to compel arbitration as provided by the trust and its bylaws and stayed the action pending arbitration.

---

[3] The record contains no evidence of any communications between the parties between 2012 and 2019.

On November 14, 2023, the defendant filed an "urgent/emergency" motion for a preliminary injunction ordering the plaintiffs' cooperation in the construction of a new garage on the trust property. The plaintiffs filed a response to the motion, asserting that their opposition was grounded in the defendant's unyielding desire to install the garage with an electric garage door, which would cost an additional $20,000. The second judge did not hold a hearing "due to the emergency nature of the motion," found that the defendant had not shown irreparable harm, and denied the motion. The second judge also denied the defendant's "emergency motion for reconsideration [of her request for a preliminary injunction], further clarification and stay of court orders" (motion for reconsideration) and a "request for speedy evidentiary hearing." The defendant timely appealed from these orders.

Discussion. 1. Denial of preliminary injunction. "The focus of appellate review of the denial of a motion for a preliminary injunction is 'whether the judge applied proper legal standards and whether there was reasonable support for [his] evaluation of the factual questions.'" Cote-Whitacre v. Department of Pub. Health, 446 Mass. 350, 357 (2006), quoting Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 399 Mass. 640, 642 (1987). "A party seeking a preliminary injunction must show that (1) success is likely on the merits;

4

(2) irreparable harm will result from denial of the injunction; and (3) the risk of irreparable harm to the moving party outweighs any similar risk of harm to the opposing party." Cote-Whitacre, supra.

Here, the second judge concluded that the construction of a garage without an electric door system desired by the defendant did not pose a threat of irreparable harm. The second judge reasoned that, in the future, "the replacement garage can be modified . . . to reflect [the defendant's] preferences." The ability to modify the garage in the future belies the defendant's claim that the denial of this request for an injunction caused irreparable harm. Therefore, we discern no error of law or abuse of discretion in the second judge's ruling.[4] See King v. Town Clerk of Townsend, 480 Mass. 7, 9 (2018).

---

[4] We also discern no abuse of discretion in the second judge's denial of the defendant's motion to reconsider the same motion. See Kauders v. Uber Techs., Inc., 486 Mass. 557, 568 (2021). The basis of the defendant's motion was the realization that delaying the construction of the garage door would increase its cost. The second judge properly reasoned that the defendant failed to cite "any '"newly discovered evidence" that, in the exercise of due diligence, could not have been produced' before the [Superior] Court acted on her original motion" (citation omitted). Moreover, an increase in the financial burden to the defendant ordinarily would not constitute irreparable harm. See Tri-Nel Mgt., Inc. v. Board of Health of Barnstable, 433 Mass. 217, 227-228 (2001).

5

2.  <u>Denial of requests for evidentiary hearing</u>.  Rule 9A(c)(1) of the Rules of the Superior Court (2023) provides for a hearing on a motion "[i]f the court believes that a hearing is necessary or helpful to a disposition of the motion."  Rule 9A(c)(2) of the Rules of the Superior Court requires a party requesting a hearing to "set forth any statute or rule of court which, in the judgment of the submitting party, requires a hearing on the motion, as well as any reason why the court should hold a hearing."

Here, the second judge correctly reasoned, in denying reconsideration and the defendant's second request for a hearing, that "[a]s before," an evidentiary hearing would not be necessary to address the defendant's motion, stating (as to the first request) that "the [c]ourt did not require a hearing to determine that [the] [d]efendant . . . failed to demonstrate sufficient risk of irreparable harm to warrant injunctive relief."  Furthermore, the defendant's requests for a hearing, despite the requirement of rule 9A(c)(2), did not "set forth any statute or rule of court which, in the judgment of the submitting party, require[d] a hearing on the motion." Therefore, we discern no error in the second judge's decision to adjudicate the defendant's motions without a hearing.

3.  <u>Requests for the plaintiffs to pay garage costs and for matter to be dismissed</u>.  The defendant also seeks two additional

6

remedies on appeal. She requests that this court order the plaintiffs to pay their share of garage-related costs. The defendant also requests that the matter be dismissed because "[t]he new garage work is completed in compliance with the Trust By-Laws . . . with exception to the install of the garage electric and heat detector system pursuant to the MA Fire and Safety code issued permits." Neither request was the subject of a ruling designated in her notice of appeal and therefore they are waived. See Mass. R. A. P. 3 (c) (1) (A) (ii), as appearing in 491 Mass. 1601 (2023). Both arguments are also waived because they do not rise to the level of appellate argument.

Mass. R. A. P. 16 (a) (9) (a), as appearing in 481 Mass. 1628 (2019).[5]

Orders denying motions for
  preliminary injunction,
  reconsideration, and
  requests for evidentiary
  hearing affirmed.

By the Court (Sacks,
  Hershfang & Tan, JJ.[6]),

*Paul Little*

Clerk

Entered:  July 16, 2025.

---

[5] We decline the defendant's request to award fees for time spent working on this appeal.

[6] The panelists are listed in order of seniority.